No. 82-168

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA, ex rel., LLOYD SCOTT
MAIER, a Minor, and ROBERT P. MORIN,
his atty.,

Petitioners,

-vs-

THE CITY COURT OF BILLINGS, COUNTY OF
YELLOWSTONE, HON. DONALD E. BJERTNESS,
a Judge thereof,

Respondents.

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioners:

Berger Law Firm; Robert P. Morin, Billings, Montana

Fro Respondents:

Peterson, Schofield and Leckie, Billings, Montana

Submitted:  January 26, 1983

Decided:  April 14, 1983

Filed:

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

On August 20, 1982, we held that petitioner Lloyd Scott Maier, a minor, was not entitled to an order from us allowing him to withdraw his guilty plea in the city court Billings, Montana, in answer to a charge of a traffic violation, (1982),____ Mont. ____, ___ P.2d ___, 39 St.Rep. 1560.

The sole issue presented to this Court by the petitioners in the 1982 case was whether Maier, as a minor, was incompetent to appear in the city court on the traffic charge without a parent, guardian, or attorney and there enter a plea of guilty. It was contended that the city judge was required to follow the mandates of the Youth Court Act, specifically section 41-5-511, MCA, under our decision of Edward v. Collings (1981), ___ Mont. ____, 632 P.2d 325, 38 St.Rep. 1240.

We held in the earlier case involving these petitioners that the minor was in city court, that the Youth Court Act did not apply, and that the minor was not deprived of a right to counsel since he had opportunity between the time of the issuance of the traffic ticket against him and the hearing on which to consult with his parents or to obtain counsel.

Following our decision, the petitioners requested reconsideration or rehearing upon the ground that the minor was deprived of equal protection under the law because if he had been charged in youth court as a minor, he would have been entitled to an appointment of counsel for him, but because he was in the Billings City Court, he could not claim appointment of counsel as a statutory right. Therefore, petitioners contended in their request for rehearing that the

law officers are given a choice in traffic cases, either to bring the minor to District Court, where he has a right to counsel, or to a municipal court, where he does not have such a right.

We granted the petition for reconsideration and rehearing, solicited briefs from the parties on the equal protection questions, and ordered that the rehearing be submitted to this Court en banc. The petition for rehearing has been considered by us, and the supporting briefs, and on rehearing, we deny any further relief to the petitioners.

A consideration of the applicable statutes is necessary to demonstrate that the minor misapprehends the courts which have jurisdiction of traffic offenses.

In the statutes which relate to the operation of motor vehicles, section 61-12-601, MCA, provides for the jurisdiction of courts where a minor is charged with unlawful operation of a motor vehicle. Subsection (1) of that statute provides:

> "District courts and the justice courts of the state and the municipal and city courts of cities and towns shall have concurrent original jurisdiction in all proceedings concerning the unlawful operation of motor vehicles by children under the age of 18 years."

It is to be noted that the youth courts of the state are not granted jurisdiction under section 61-12-601 of traffic offenses by minors. Although district judges sit as a youth court, it is nonetheless true that youth courts are courts of special jurisdiction and are separate and apart from the district courts. Indeed, in multi-judge judicial districts in this state, by court order, the judges appoint but one of their number to act as a youth court judge in each county of the judicial district for a fixed period of time. Section

41-5-201(2), MCA. The jurisdiction of youth courts is specifically defined in section 41-5-203, MCA, and the jurisdiction of a youth court is not co-extensive with the jurisdiction of a district court. When therefore, section 61-12-601(1), quoted above, provides for the jurisdiction of traffic offenses concerning minors in "the district courts" the statute is not thereby fixing jurisdiction of such offenses in the youth court.

When the youth court jurisdiction statute was originally enacted, section 41-5-203 was broad enough that it appeared therefrom that the youth court had exclusive jurisdiction of all proceedings against youths charged with violating laws of the state or ordinances of a city or town. The legislature, however, amended the statute referring to the jurisdiction of the youth court so as to exclude traffic and fish and game offenses. Section 41-5-203, now reads as follows:

> "41-5-203. Jurisdiction of the court. (1) Except as provided in subsection (2) the court has exclusive original jurisdiction of all proceedings under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth, a youth in need of supervision, or a youth in need of care or concerning any person under 21 years of age charged with having violated any law of the state or ordinance of any city or town other than a traffic or fish and game law prior to having become 18 years years of age.
>
> "(2) Justice, municipal and city courts have concurrent jurisdiction with the youth court over all alcoholic beverage violations alleged to have been committed by a youth." (Underlined material reflects 1979 amendment.)

Under the statutory scheme the youth court has concurrent jurisdiction with justice, municipal and city courts for alcoholic beverage violations committed by youths, but does not have any jurisdiction of offenses involving traffic law violations by minors.

- 4 -

The provisions of section 61-12-601, MCA, are therefore exclusive as to jurisdiction of traffic offenses involving minors, and youth courts in this state are granted no jurisdiction of such traffic law violations.

We agree that all person must be treated alike under like circumstances and conditions, both in privileges conferred and in liabilities imposed. 1972 Mont. Const., Art. II, § 4. There is not a violation of that constitutional clause in the situation presented here. The legislature, in amending section 41-5-203, MCA (the Youth Court Act) removed traffic violations from the jurisdiction of the youth court. It is only when a charge is brought in youth court that a youth has the right to waive his constitutional rights either consulting with his parents, or with the advice of counsel. Section 41-5-303, MCA. In matters of traffic violations, all minors are treated alike in this state, regardless of the court in which the charge is filed.

Since a minor may not be held in any detention facility or jail by reason of a traffic violation, nor for nonpayment of a fine resulting therefrom, the minor is not entitled to counsel as a fundamental right. Even as an indigent, his right to appointment of counsel exists only where the defendant may lose his physical liberty if he loses the litigation, it being the defendant's interest in personal freedom, and not simply the special Sixth and Fourteenth Amendments of right to counsel in criminal cases, which triggers the right to appointed counsel. Lassiter v. Department of Social Services (1981), 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640.

The minor in this case filed his petition in this Court on the basis of his Fourteenth Amendment rights, but concentrated his argument on the equal protection clause of that amendment. Not raised in the briefs or as an issue in the case is the possible query under the federal Fourteenth Amendment due process clause, and the state due process clause (1972 Mont. Const., Art. II, § 17) as to the impoundment of the motor vehicle belonging to the parents for the nonpayment by the minor of the $45 fine assessed against him. The provisions of section 61-12-601(3), MCA, providing for the impoundment of a vehicle owned by another but driven by a minor upon nonpayment of a fine by a minor, may present a due process problem in a proper case, but that issue is not raised in this case, nor are the proper parties before us.

Therefore, on rehearing, we again deny the petition for writ of supervisory control to permit the minor to withdraw his plea of guilty to the traffic violation.

_John C. Sheehy_
Justice

We Concur:

_Frank L. Haswell_
Chief Justice

_Daniel J. Shea_

_John C. Harrison_

_Gene B. Daly_

John Conway Harrison

L. C. _____ .
_____
Justices