No. 96-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Appellant,

v.

MICHAEL DUANE OLSON,

Defendant and Respondent.


APPEAL FROM:   District Court of the Seventeenth Judicial District,
In and for the County of Phillips,
The Honorable John C. McKeon, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Hon. Joseph P. Mazurek, Attorney General;
Cregg W. Coughlin (argued) , Assistant Attorney General;
Helena, Montana

Ed Amestoy; Phillips County Attorney; Dan O'Brien;
Deputy County Attorney; Malta, Montana

For Respondent:

Torger Oaas (argued); Attorney at Law;
Lewistown, Montana


Submitted: April 22, 1997

Decided:   May 29, 1997

Filed:

_____
Clerk


Justice Terry N. Trieweiler delivered the Opinion of the Court.

The defendant, Michael Duane Olson, was charged by information, filed in the District Court for the Seventeenth Judicial District in Phillips County, with the offense of driving or being in actual physical control of a motor vehicle while under the influence of alcohol, in violation of 61-8-401(1)(a), MCA. Based on his three prior convictions for DUI, the information charged him with a felony, pursuant to 61-8-714(4) and -722(4), MCA. He filed a motion to dismiss the felony DUI charge, which the District Court granted. The State of Montana appeals. We vacate the judgment of the District Court and remand to that court for further factual findings.

The sole issue on appeal is whether the District Court erred when it dismissed the felony DUI charge against Michael Duane Olson?

FACTUAL BACKGROUND

On December 20, 1995, Michael Olson was charged by information with the offense of driving or being in actual physical control of a motor vehicle while under the influence of alcohol. The charge alleged in the information would have, if proven, constituted his fourth DUI offense. He was previously convicted of DUI in Gallatin County in 1987, in Musselshell County in 1989, and in Fergus County in 1992. Based on those three prior convictions, the information charged him with a felony, pursuant to 61-8-714(4) and -722(4), MCA.

Olson filed a motion to dismiss the felony DUI charge in which he contended that, at the time he pled guilty to the 1989 DUI charge, he was not, in fact, represented by an attorney, he had not been adequately advised of his constitutional right to an attorney, and he had not waived his right to an attorney. On that basis, he asserted that his prior DUI conviction was entered in derogation of his constitutional rights, and therefore, cannot be used to increase the current DUI charge to a felony.

In support of his motion, Olson submitted an affidavit which provides, in relevant part, as follows:

5. In August of 1989 I was charged with a D.U.I. in Musselshell County. Again I plead [sic] guilty and was not represented by an attorney because I could not afford to hire one.

6. On this charge I spent seven days in jail.

7. To the best of my recollection I was not advised that I could have a court appointed attorney.

In response, the State maintained that a presumption of regularity is attached to Olson's prior conviction and that his evidence fails to establish that his prior conviction was invalid. Furthermore, although the records from Olson's 1989 conviction are silent regarding whether he was represented by an attorney, whether he was informed of his right to counsel, and whether he waived his right to counsel, the State presented the testimony of City Judge Robert E. Mihalovich, the Justice of the Peace who convicted Olson in Musselshell County in 1989.

Judge Mihalovich testified that every time he advises a defendant of his constitutional rights, he reads directly from a standard form which includes the following language: "You have the right to counsel. If you cannot afford to hire your own attorney, one may be appointed for you." He also stated that he always asks a defendant whether he understands his constitutional rights. Finally, he testified that this has been his standard practice for "many years" and, on that basis, maintained that Olson was advised of his constitutional rights, including his right to counsel.

However, Judge Mihalovich conceded that the records from Olson's 1989 conviction do not contain a written waiver of rights. He also admitted that his testimony is based upon his "normal practice in the courtroom," and that he does not specifically remember Olson's appearance in his court, whether he advised Olson of his right to an attorney, or whether Olson waived his right to an attorney.

The District Court granted Olson's motion to dismiss the felony DUI charge. In its written order, the District Court made the following findings:

[Olson] has presented sufficient evidence to meet [his] burden. For the August, 1989 DUI misdemeanor conviction, [Olson] states that he does not recall waiving his constitutional right to counsel. There is no written evidence of [Olson's] waiver and no independent recollection of waiver during this conviction by the Justice of the Peace [Mihalovich]. To counter these facts, the State presented the testimony of the Justice of the Peace as to his usual practice.

The District Court then concluded, as a matter of law, that:

Judging waiver of the constitutional right to counsel must entail finding of a knowing and intelligent relinquishment of a known right. State v. Blakney, __ Mont. __, 641 P.2d 1045, 1049 (1982). There is absolutely no way of assuring a knowing and intelligent relinquishment of a known right when all you can present is the "usual practice" of the court.

On that basis, the District Court concluded that, because there is nothing in the Musselshell County Court records which affirmatively establishes that Olson waived his right to counsel, "the State's 'usual practice' testimony does not even raise a triable issue of fact." Accordingly, the District Court held that Olson's 1989 DUI conviction is invalid and cannot, therefore, be used to increase the current DUI charge to a felony.

DISCUSSION

Did the District Court err when it dismissed the felony DUI charge against Duane Michael Olson?

When we review a district court's conclusions of law, the standard of review is plenary and we must determine whether the district court's conclusions are correct as a matter of law. State v. Rushton (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359; State v. Sage (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143. When we review a district court's findings of fact, the standard of review is whether those findings are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.

In this case, the State contends on appeal that the District Court erred when it dismissed the felony DUI charge against Olson.

The State asserts the same two arguments in support of its contention that it asserted in State v. Okland (Mont. May 29, 1997), No. 96-362, i.e., that (1) a presumption of regularity attaches to prior convictions, and that (2) even if the District Court did, in fact, recognize the presumption of regularity and assign the respective burdens of proof accordingly, it erred when it determined that the evidence presented by Olson--his affidavit--effectively rebutted the presumption and shifted the burden of proof to the State.

We conclude, as we did in Okland, that: (1) a rebuttable presumption of regularity does attach to prior convictions; (2) that presumption may be overcome by direct evidence of irregularity; and (3) once direct evidence of irregularity is offered by the defendant, the burden shifts to the State to prove by direct evidence that the prior conviction was not obtained in violation of the defendant's rights. See Okland, No. 96-362, slip op. at 11-12.

Pursuant to that procedural framework, we must first determine whether Olson presented direct evidence in support of his claim that his constitutional rights were violated in a prior proceeding. In support of his claim, Olson submitted an affidavit which states, in relevant part, as follows:

5. In August of 1989 I was charged with a D.U.I. in Musselshell County. Again I plead [sic] guilty and was not represented by an attorney because I could not afford to hire one.

6. On this charge I spent seven days in jail.

7. To the best of my recollection I was not advised that I could have a court appointed attorney.

Olson's affidavit asserts that: (a) he could not afford to hire an attorney; (b) he was not advised of his constitutional right to a court-appointed attorney; (c) he was convicted without the assistance of counsel; and (d) he was actually imprisoned as the result of his uncounseled conviction. We, therefore, conclude that Olson's direct

evidence of a constitutional infirmity in the prior proceeding is sufficient to rebut the presumption of regularity and to shift the burden of proof to the State.

Next, we must determine whether the State presented direct evidence which affirmatively proves that Olson's prior conviction was not entered in violation of his constitutional rights. Although the court records from Olson's 1989 conviction are silent regarding whether he was represented by an attorney, whether he was informed of his right to counsel, and whether he waived his right to counsel, the State presented the testimony of City Judge Robert E. Mihalovich, the Justice of the Peace who convicted Olson in Musselshell County in 1989.

Judge Mihalovich testified that every time he advises a defendant of his constitutional rights, he reads directly from a standard form which includes the following language: "You have the right to counsel. If you cannot afford to hire your own attorney, one may be appointed for you." He also stated that he always asks a defendant whether he understands his constitutional rights. Finally, he testified that this has been his standard practice for "many years" and, on that basis, maintained that Olson was advised of his constitutional rights, including his right to counsel.

The District Court concluded that Judge Mihalovich's testimony does not affirmatively establish that Olson knowingly and intelligently waived his right to counsel and that, therefore, "the State's usual practice testimony does not even raise a triable issue of fact." On that basis, the District Court granted Olson's motion to dismiss the felony DUI charge. In essence, therefore, the District Court concluded, as a matter of law, that the State failed to satisfy its burden of proof.

Although Judge Mihalovich testified that he does not specifically remember Olson's appearance in his court, whether he advised Olson of his right to an attorney, or whether Olson waived his right to an attorney, he also testified that he always asks a defendant whether he understands his constitutional rights and that, every time he advises a defendant of his constitutional rights, he reads directly from a standard form which includes the following language: "You have the right to counsel. If you cannot afford to hire your own attorney, one may be appointed for you." Based on that testimony, it could be inferred that Olson was, in fact, advised of his constitutional right to counsel and that he did, in fact, waive that right.

"Evidence of habit or of routine practice . . . is relevant to prove that conduct on a particular occasion was in conformity with the habit or routine practice." Rule 406,

M.R.Evid. We conclude, therefore, that the State's routine practice testimony constitutes substantive evidence which, in turn, creates a triable issue of fact. The District Court was required to consider that evidence and weigh it against the defendant's representations before deciding whether the State satisfied its burden of proof.

Accordingly, we hold that the District Court erred when it concluded, as a matter of law, that the State failed to satisfy its burden of proof. We recognize, however, that the weight of the evidence and the credibility of the witnesses are exclusively within the province of the trier of fact; and when the evidence conflicts, the trier of fact is in the best position to make the necessary inferences and determine which shall prevail. State v. Bower (1992), 254 Mont. 1, 8, 833 P.2d 1106, 1111. Therefore, we vacate the judgment of the District Court and remand to that court for a factual determination of whether Olson's prior conviction was obtained in violation of his constitutional right to counsel.

/S/ TERRY N. TRIEWEILER

We Concur:
/S/ J. A. TURNAGE
/S/ KARLA M. GRAY
/S/ WILLIAM E. HUNT, SR.
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART