CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
¶1 Aloysius Big Hair appeals his conviction of driving while under the influence of alcohol (DUI), fourth offense, in the Thirteenth Judicial District Court, Big Horn County. We affirm.
¶2 The issues are whether the District Court erred in denying Big Hair’s motions to continue trial due to the unavailability of a witness and to quash reference to his previous DUI convictions on grounds that he had not been properly advised of his right to counsel in relation to those convictions.
¶3 On April 5, 1996, Big Hair was arrested in Hardin, Montana, on a DUI charge. He was charged under § 61-8-401, MCA(1985), with DUI, fourth offense, based on his previous DUI convictions in 1987, 1988, and 1989.
¶4 At the jury trial on the April 1996 charge, Big Hair and his wife testified that their pickup had disappeared from their home south of Crow Agency, Montana, during a party some time the night before his arrest. They both testified that they had caught a ride to Hardin on the morning of April 5 to look for the track. Mrs. Big Hair testified that she waited for her husband with friends in a bar while he searched for the truck. Big Hair testified that he walked around Hardin looking for the truck, periodically returning to the bar where his wife waited for him, and finally found the truck parked in the downtown area. Just as he found the truck and reached in through the window to retrieve the keys, a highway patrol officer approached him and arrested him for DUI.
*137 ¶5 The highway patrol officer testified that he had received a radio transmission concerning a possible DUI driver in a pickup truck at about 6:00 p.m. on April 5,1996. The report included a description of the truck and its license plate number, and information that it had three occupants. The officer did not find the truck at the reported location.
¶6 A few minutes later, the officer received a second radio transmission concerning the location of the pickup. He made a U-turn and found the truck parked with three occupants in a spot where it had not been minutes before. Big Hair was seated behind the steering wheel. The officer testified that as he approached the truck, Big Hair got out and began walking across the street. The officer stated that Big Hair admitted that he had been driving and that he had had “a couple beers.” After administering field sobriety tests, the officer arrested Big Hair and took him to the local police station, where his blood alcohol concentration was measured at .337.
¶7 The jury convicted Big Hair of DUI. The District Court denied Big Hair’s post-trial motions to quash reference to his prior DUI’s and for new trial based on denial of his pretrial motion for a continuance.
Issue 1
¶8 Did the District Court err in denying Big Hair’s motion to continue trial due to the unavailability of a witness?
¶9 Section 46-13-202, MCA, gives a district court discretion in considering a motion to continue trial. At subsection (3), the statute provides that it is to be construed “to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the prosecution to a speedy trial.” When reviewing the denial of a motion for continuance, this Court determines whether the district court abused its discretion. State v. Haskins (1992), 255 Mont. 202, 207, 841 P.2d 542, 545.
¶10 Big Hair moved for a continuance on the day before trial. His motion stated that an eyewitness to the alleged offense, an alleged passenger in his truck who had previously stated his willingness to come to court, could not be located. The defense alleged that this witness would testify to Big Hair’s level of intoxication and, the defense believed, that Big Hair was not driving the pickup. The defense contended that “because of the relatively short trial setting in this matter, [the witness] was not able to be informed thereof.”
¶11 In oral argument on this motion just before voir dire of the jury, the State responded that the evidence would speak for itself — the *138 State would offer the results of the breath test as to Big Hair’s level of intoxication, and the testimony of the arresting officer as to whether Big Hair was driving the truck. The State objected to a continuance on grounds that the arresting officer had accepted a job in Oregon and would be leaving Montana, resulting in the potential expense of having him come back to Montana to testify if the continuance were granted.
¶12 Big Hair’s trial was set six months in advance, in April 1996, for October 7, 1996. On October 11, 1996, trial was rescheduled for October 17, 1996, apparently due to the court’s crowded docket on October 7.
¶13 There is no record or claim that Big Hair objected to the rescheduled trial date when it was set. Nor did he present any basis for his stated belief that his witness could be located within a reasonable time if a continuance was granted. He provided only rather vague oral representations by his counsel regarding the nature of the proposed witness’s testimony.
¶14 The District Court denied Big Hair’s October 16 motion for a continuance on grounds that it was belatedly filed. After reviewing the record, we hold that the District Court did not abuse its discretion in denying the motion for a continuance.
Issue 2
¶15 Did the court err in denying Big Hair’s motion to quash reference to his previous DUI convictions on grounds that he had not been properly advised of his right to counsel in relation to those convictions?
¶16 In Montana, a rebuttable presumption of regularity attaches to a prior DUI conviction during a collateral attack such as the one Big Hair raises here. This presumption must be overcome by direct evidence of irregularity by the defendant; the burden then shifts to the State to prove by direct evidence that the prior conviction was not obtained in violation of the defendant’s rights. State v. Okland (1997), 283 Mont. 10, 18, 941 P.2d 431, 436.
¶ 17 At the hearing on the motion to quash, the District Court heard testimony from Big Hair and from Judge Snively, the justice of the peace who presided at Big Hair’s 1987, 1988, and 1989 DUI convictions. In its written order denying the motion to quash, the District Court reasoned as follows:
[T]he records of the lower court for each of the Defendant’s three convictions and the testimony of Judge Snively established that *139 the Defendant’s right to counsel was explained to him and that he knowingly and intelligently waived his right prior to the entry of his plea of guilty. The Defendant did not controvert this evidence, he merely testified that he did not recall whether his rights had been explained and whether he understood them and waived them. The Court concludes, under the facts of this case, that the lower court record was not silent and that the State of Montana sustained its burden of proving that the Defendant’s Sixth Amendment right had been afforded to him during each of his prior convictions.
Big Hair argues that there was insufficient evidence that he was properly advised of and waived his constitutional right to counsel in his 1987, 1988, and 1989 DUI convictions.
¶18 Big Hair did not present any direct evidence in support of his claim that his constitutional right to counsel was violated in the prior proceedings. He testified only that he could not recall whether he had been advised of his right to counsel and whether he had waived that right. We conclude that, like the defendants in State v. Perry (1997), 283 Mont. 34, 938 P.2d 1325, and State v. Stubblefield (1997), 283 Mont. 292, 940 P.2d 444, Big Hair has failed to rebut the presumption of regularity with any direct evidence that his constitutional right to counsel was violated. Therefore, we hold that the District Court did not err in denying his motion to quash.
¶19 Affirmed.
JUSTICES NELSON, GRAY and REGNIER concur.