No. 97-627

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 137


STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROY JEAN COUTURE,

Defendant and Appellant.



APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Rebecca T. DuPuis and C. Edward Hayes, Attorneys at Law,
Polson, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Deborah Kim Christopher, Lake County Attorney; Mitchell A.
Young,Deputy Lake County Attorney, Polson, Montana



Submitted on Briefs: May 7, 1998

Decided: June 2, 1998
Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Roy Jean Couture (Couture) appeals from the decision of the Twentieth Judicial District Court, Lake County, denying his motion to dismiss a charge for driving under the influence (DUI), 6th offense, and his motion to preclude use of three prior DUI convictions in sentencing. We affirm.

## Factual and Procedural Background

¶2 On December 8, 1996, Couture was involved in a minor traffic accident within the exterior boundaries of the Flathead Indian Reservation. Polson City Police Officer Ronald Boyce (Boyce) responded to the scene and determined that Couture was a member of the Confederated Salish and Kootenai Tribes. Boyce observed that Couture appeared to be extremely intoxicated. Couture was unable to show proof of insurance, and Boyce learned that Couture's driver's license had been suspended/revoked.

¶3 Boyce called a Tribal officer to the scene to issue citations to Couture for driving with a suspended license and driving without liability insurance. Boyce then arrested Couture for DUI and transported him to the Lake County Sheriff's Office. Couture refused to take a breath test and passed out several times during DUI processing.

¶4 On December 9, 1996, a complaint was filed in Justice Court charging Couture with DUI. However, on December 12, 1996, the County Attorney was granted leave to file an information in the District Court charging Couture with felony DUI, 6th offense. Couture pled guilty in the Tribal Court to driving with a suspended or revoked license and operating a motor vehicle without valid liability insurance, both misdemeanors. Subsequently, Couture moved the District Court to dismiss the DUI, claiming it violated 46-11-504, MCA, Montana's double jeopardy statute. Couture also moved to preclude use of three of his prior DUI convictions in sentencing. The District Court denied the motions. Couture pled guilty to felony DUI, reserving the right to appeal the denial of his motions. Couture presents two issues on appeal:

¶5 1) Did the District Court err in denying Couture's motion to dismiss the felony DUI charge after he pled guilty to two misdemeanor traffic offenses in the Tribal Court?

¶6 2) Did the District Court err in relying on Couture's prior DUI convictions in sentencing?

## Discussion

### I

¶7 1) Did the District Court err in denying Couture's motion to dismiss the felony DUI charge after he pled guilty to two misdemeanor traffic offenses in the Tribal Court?

¶8 The District Court concluded that Couture's subsequent prosecution for

DUI in district court was not barred by § 46-11-504, MCA, as a matter of law. This Court reviews a district court's conclusions of law to determine whether the court's interpretation of the law is correct. State v. Gould (1995), 273 Mont. 207, 219, 902 P.2d 532, 540.

¶9 Montana statutory law provides criminal defendants with greater protection against double jeopardy than the traditional double jeopardy "elements" test set forth by the United States Supreme Court in Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. State v. Tadewaldt (1996), 277 Mont. 261, 268, 922 P.2d 463, 467.
Section 46-11-504, MCA (1995), provides:

> When conduct constitutes an offense within the concurrent
> jurisdiction of this state and of the United States or another state
> or of two courts of separate, overlapping, or concurrent
> jurisdiction in this state, a prosecution in any other jurisdiction
> is a bar to a subsequent prosecution in this state under the same
> circumstances barring further prosecution in this state if . . . the
> first prosecution resulted in an acquittal or in a conviction and
> the subsequent prosecution is based on an offense arising out of
> the same transaction . . . .

Thus, double jeopardy under the Montana Code prevents multiple prosecutions for conduct arising out of the same transaction. This Court, in State v. Sword (1987), 229 Mont. 370, 747 P.2d 206, developed a test for determining whether a subsequent prosecution violates double jeopardy pursuant to § 46-11-504, MCA: (1) defendant's conduct constitutes an offense within the jurisdiction of both courts; (2) the first prosecution results in an acquittal or a conviction; and (3) the subsequent prosecution is based on an offense arising out of the same transaction. We have further explained that because § 46-11-504, MCA,
is written in the conjunctive, all three factors must be met before a subsequent prosecution is barred. Tadewaldt, 922 P.2d at 466. The District Court determined that Couture's offenses of driving with a suspended license, operating a motor vehicle without valid liability insurance, and driving under the influence of alcohol did not "arise out of the same transaction" as contemplated by § 46-11-504, MCA, and thus the subsequent prosecution in District Court for DUI was not barred.

¶10 Couture, however, argues that the facts of this case satisfy the three-factor test.
Couture asserts, first, that a felony DUI committed on the reservation is an offense over which both the Tribal Court and District Court have concurrent jurisdiction. Second, Couture states that he was convicted of the misdemeanor offenses in Tribal Court. Finally, Couture maintains that the two misdemeanor traffic offenses and the felony DUI arose out of the same transaction. In support of his argument, Couture contends that driving with a suspended license and without liability insurance are incidental to DUI because, had he not been detained for DUI, the police officer would have had no particularized suspicion on which to base a stop for the misdemeanor offenses.

¶11  We reject Couture's argument regarding the third factor, i.e., that his offenses arose out of the same transaction.  Section 46-1-202(22), MCA, defines "same transaction" as "conduct consisting of a series of acts or omissions that are motivated by . . . a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective. . . ."  This Court has interpreted the statutory definition of "same transaction" as it applies to § 46-11-504, MCA.  For example, in Tadewaldt, the defendant pled guilty to misdemeanor DUI in municipal court and was subsequently charged with felony possession of drugs in the district court.  Despite the fact that Tadewaldt's offenses resulted from the same arrest, we held that the offenses did not arise out of the same transaction for purposes of double jeopardy.  We explained that, because the drugs forming the basis of the criminal possession charge had not been ingested and did not contribute to Tadewaldt's impairment, the conduct underlying Tadewaldt's "criminal objective" of DUI was unrelated to his possession of dangerous drugs.  More specifically we determined that "Tadewaldt's conduct in possessing the dangerous drugs was not motivated by a purpose to accomplish the 'criminal objective' of DUI, nor was it necessary or incidental to that 'objective.' " Tadewaldt, 922 P.2d at 466.  Thus, we held that Tadewaldt's conduct did not meet the definition of "same transaction" as set forth in § 46-1-202(22), MCA.

¶12  Likewise, Couture pled guilty in Tribal Court to misdemeanor driving without a license and proof of insurance and was subsequently charged with felony DUI in the District Court.  This was not a subsequent prosecution arising out of the same transaction for double jeopardy purposes.  Couture's driving without a license and without proof of insurance was unrelated to his criminal objective of DUI--ingesting alcohol and driving a vehicle while under the influence of alcohol.  We determine that the District Court correctly interpreted the statutory prohibition against double jeopardy as set forth in § 46-11-504, MCA, by holding that Couture's offenses did not arise out of the same transaction.

                              II

¶13  2) Did the District Court err in relying on Couture's prior DUI convictions in sentencing?

¶14  Couture argues that he was denied his right to an attorney in three former DUI convictions in August 1994, April 1992, and August 1990.  Thus, Couture asserts that the District Court erred in considering those DUI convictions during sentencing.

¶15  A rebuttable presumption of regularity attaches to a prior DUI conviction during a collateral attack such as the one presented by Couture. The defendant may overcome this presumption by direct evidence of irregularity.  State v. Big Hair, 1998 MT 61, ___ P.2d ___, ¶16, 55 St.Rep. 257, ¶16; State v. Olson (1997), 283 Mont. 27, 32, 938 P.2d 1321, 1324.   In this case, Couture presented two affidavits in support of his motion, his own and his wife's.  Both affidavits state that Couture was not advised of his right

to counsel in the prior DUI proceedings. Couture alleges that the judge simply marked an "X" in front of the lines on the acknowledgment of rights form which he was expected to sign. Couture and his wife both state that in 1990 and 1992, the court accepted his guilty plea without advising him of his rights. The State concedes that the affidavits constitute direct evidence to rebut the presumption of regularity.

¶16 Therefore, the burden shifted to the State to prove by direct evidence that the prior conviction was not obtained in violation of the defendant's rights. The State submitted the acknowledgment of rights forms from each prior conviction to the District Court. The forms indicate that Couture was advised of his right to counsel and waived that right in each proceeding. The State argues that the District Court was entitled to give more weight to these forms than to the affidavits of Couture and his wife.

¶17 This Court was presented with a similar situation in Olson. In that case, we recognized that, when determining whether the defendant knowingly and voluntarily waived his right to counsel, the district court is required to consider the evidence and weigh it against the defendant's representations before deciding whether the State has satisfied its burden of proof. Olson, 938 P.2d at 1325. Moreover, we held that the weight of the evidence and the credibility of the witnesses are exclusively within the province of the district court and when the evidence conflicts, the district court is in the best position to make the necessary inferences and determine which evidence is more persuasive. Olson, 938 P.2d at 1325.

¶18 Likewise, in this case, the District Court was presented with Couture's affidavits on the one hand and with the State's proof on the other. The District Court was in the best position to weigh that evidence and make a determination as to which should prevail. This Court will not disturb that decision. The District Court did not err in relying on Couture's prior DUI convictions in sentencing. Affirmed.

/S/  W. WILLIAM LEAPHART

We concur:

/S/  JAMES C. NELSON
/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER
/S/  KARLA M. GRAY