No. 98-105

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 315

STATE OF MONTANA,

Plaintiff and Respondent,

v.

PAUL GLEN AILPORT,

Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

No

In and for the County of Lake.

Honorable C. B. McNeil, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Lane K. Bennett, Attorney at Law, Kalispell, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General, Helena, Montana

Kim Christopher, County Attorney; Robert J. Long, Deputy County

Attorney, Polson, Montana

Submitted on Briefs: November 19, 1998

Decided: December 23, 1998

No

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Paul Glen Ailport (hereinafter Ailport) appeals his conviction and the order of the Twentieth Judicial District Court, Lake County, denying his motion to dismiss a felony charge of driving a motor vehicle while under the influence of alcohol (felony DUI). We affirm the decision of the District Court.**

**¶2. The issue presented on appeal is whether the District Court erred in failing to dismiss the DUI charge against Ailport on the grounds that his 1983 DUI conviction in the State of North Dakota could not properly be used to enhance his current charge to a felony.**

**¶3. Ailport was arrested on December 9, 1996, and charged with DUI, fourth offense, a felony. One of the prior convictions used for the purpose of enhancing the charge against Ailport was a 1983 conviction for DUI in Williston, North Dakota. Ailport filed a motion before the District Court to have his current DUI charge dismissed on the grounds that during the proceedings on the 1983 conviction, he had not been represented by counsel and had not executed a waiver of his right to counsel at the time he plead guilty. Ailport asserted that because his 1983 conviction had been obtained in derogation of his constitutional right to counsel, the State could not use it to increase his current DUI charge to a felony.**

**¶4. The District Court denied Ailport's motion, and in a subsequent trial on the merits, a jury found Ailport guilty as charged. Ailport appealed the order of the District Court denying his motion to dismiss, as well as his resulting conviction.**

¶5. The sole question before this Court is whether the District Court erred in denying Ailport's motion to dismiss his felony DUI charge on the grounds that his 1983 North Dakota conviction could not properly be used to support the enhanced felony charge.

¶6. Whether a prior conviction can be used to enhance a criminal sentence is a matter of law. *State v. LaPier*, 1998 MT 174, ¶ 8, 961 P.2d 1274, ¶ 8, 55 St.Rep. 707, ¶ 8. We review a district court's conclusions of law to determine if they are correct. *State v. McKee*, 1998 MT 110, ¶13, 958 P.2d 700, ¶ 13, 55 St.Rep. 433, ¶ 13. We review a district court's findings of fact to determine if they are clearly erroneous. *State v. Okland* (1997), 283 Mont. 10, 14, 941 P.2d 431, 433. A court's findings are clearly erroneous if they are not supported by substantial evidence, the court has misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been committed. *Interstate Prod. Credit Ass'n v. De Saye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

¶7. It is the law in Montana that once the fact of a prior conviction is established, a presumption of regularity attaches to that conviction and the burden is upon the defendant to demonstrate by direct evidence that the conviction was constitutionally infirm. *Okland*, 283 Mont. at 18, 938 P.2d at 436. If the defendant produces sufficient evidence to successfully rebut the presumption of regularity, the burden of proof shifts to the State to demonstrate by a preponderance of the evidence that the prior conviction was not obtained in violation of the defendant's rights. *LaPier*, ¶ 11; *Okland*, 283 Mont. at 18, 941 P.2d at 436.

¶8. At the trial level, the State established the fact of Ailport's 1983 North Dakota DUI conviction with a copy of a written citation from the Williston City Court indicating Ailport pled guilty to the charge of DUI. Ailport did not contest the sufficiency of this evidence to prove the existence of the prior conviction, and the conviction was therefore presumptively valid.

¶9. To rebut this presumption, Ailport submitted an affidavit in which he stated he did not recall being advised of his right to an attorney during the 1983 proceedings nor did he recall waiving his right to counsel prior to offering a plea of guilty. Ailport also submitted the affidavit of a North Dakota attorney who had regularly practiced before the Williston City Court during the same period in which Ailport's DUI conviction occurred. The affidavit of this attorney stated with regard to the practices of the Williston City Court that "whether defendants were consistently advised of

their right to an attorney at city expense is highly speculative," and that while the attorney had no personal knowledge of the proceedings in Ailport's case, "the advising and reading of rights was not necessarily done with the same consistency on each occasion."

¶10. Ailport's testimony that he did not recall being advised of his right to counsel is not, by itself, sufficient to overcome the presumption of validity which attaches to his prior conviction. *State v. Big Hair*, 1998 MT 61, ¶ 18, 955 P.2d 1352, ¶ 18, 55 St.Rep. 257, ¶ 18. However, we have previously held that testimony regarding the routine practices of the convicting court in advising defendants of their constitutional rights constitutes substantive evidence on the issue of whether a particular defendant was advised of his right to counsel on a particular occasion. *State v. Olson* (1997), 283 Mont. 27, 32, 938 P.2d 1321, 1325 (citing Rule 406, M.R.Evid.). We therefore conclude that the affidavits submitted by Ailport constituted direct evidence of a constitutional infirmity and were sufficient to rebut the presumption of regularity. The burden was thereafter upon the State to show that the conviction was not obtained in derogation of Ailport's constitutional rights.

¶11. We therefore turn next to the question of whether the State successfully met its burden of proof in demonstrating that Ailport was adequately advised and knowingly waived his right to counsel at the 1983 DUI proceeding in North Dakota. In support of its contention that the underlying conviction was obtained upon a proper waiver of Ailport's right to counsel, the State submitted the affidavit of the clerk of Williston City Court stating that it had been the habit of the presiding judge of the Williston City Court in 1983 to advise every defendant of his right to an attorney and to document that a defendant had been so informed by hand-writing the term "advised" on the back of the defendant's citation. The clerk further testified that it was the court's practice to refuse to accept a guilty plea from a defendant unless he had been advised of and waived his constitutional right to counsel. In addition to the affidavit of the Williston City Court clerk, the State submitted a copy of the citation issued in conjunction with Ailport's 1983 DUI conviction, on the back of which was written the word "advised," along with the signature of the presiding judge.

¶12. Ailport contends that this evidence is insufficient to establish that he was, in fact, advised of his right to counsel or that he knowingly waived that right before pleading guilty to the DUI charge. In particular, he argues that the content of the

clerk's affidavit constitutes hearsay as to what the presiding judge meant when he indicated "advised" on the back of Ailport's citation, that the State had the burden of documenting his waiver of right to counsel and the absence of such a waiver appearing in the record precludes a finding that his rights had been waived, and that the clerk's testimony does not support the inference that Ailport was properly advised of his rights because the assertions made by the clerk are clearly refuted by the testimony of the North Dakota attorney.

¶13. We disagree with each of these contentions. Rule 801(c), M.R.Evid., defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The testimony of the Williston City Court clerk was that it was the practice of the presiding judge to indicate that a defendant had been advised of and waived his right to counsel by hand-writing the term "advised" on the back of the citation. This testimony does not constitute hearsay, because the clerk is not testifying as to what the presiding judge said on a particular occasion, but only as to what the customary practice of that court was at the time. Evidence of such a custom is allowable for the purpose of establishing that the convicting court performed its advisory duties on the occasion of Ailport's conviction in conformity with its usual habit of doing so. *Olson*, 283 Mont. at 32, 938 P.2d at 1325; see Rule 406(b), M.R.Evid.

¶14. Likewise, Ailport's contention that the absence of a valid waiver in the record of the 1983 proceedings precludes a finding that he knowing and intelligently waived his right to counsel is also unpersuasive. To support this argument, Ailport cites our opinion in *State v. Grey* (1995), 274 Mont. 206, 907 P.2d 951, in which we expressed a strong preference for recording, where feasible, the fact that a defendant has been apprised of and waived his constitutional rights and held that where the record was silent, a waiver of rights could not be presumed. Ailport's reliance on *Grey* is misplaced, however, because our holding in *Grey* was predicated upon the fact that the conviction, which had been obtained through an improper confession, was being challenged on direct appeal, not by collateral attack in a recidivist proceeding, as it is in the case at bar.

¶15. When a prior conviction is under collateral attack and the record is silent as to whether the defendant was advised of and knowingly waived his right to representation of counsel, the State may rely upon evidence outside the record to satisfy its burden of demonstrating that the conviction was constitutionally sound.

*See Olson*, 283 Mont. at 31-32, 938 P.2d at 1324-25. That the record itself does not contain evidence of such a waiver is not determinative of whether the prior conviction may be used to enhance Ailport's current DUI charge to a felony. As we stated in *Okland*: "'On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights.'" *Okland*, 283 Mont. at 18, 941 P.2d at 435-36 (quoting *Parke v. Raley*, 506 U.S. 20, 30, 113 S.Ct. 517, 524, 121 L.Ed.2d 391); *see also LaPier*, ¶ 18.

¶16. Finally, we reject Ailport's contention that the testimony of the attorney from North Dakota regarding the inconsistent practices of the Williston City Court in advising defendants of their constitutional rights necessarily quells any inference that could otherwise be drawn from the testimony of the Williston City Court clerk and the indication on the back of Ailport's citation that he had been advised of his right to counsel. Where there is conflicting evidence presented at the trial level, it is within the province of the trier of fact to weigh the evidence based on the credibility of the witnesses and determine which shall prevail. *State v. Bower* (1992), 254 Mont. 1, 8, 833 P.2d 1106, 1111. The District Court determined that the testimony of the clerk of the Williston City Court, in conjunction with the fact that Ailport's citation indicated he had been advised of his rights, was ultimately more reliable on the issue of whether Ailport was, in fact, advised of and knowingly waived his constitutional right to counsel in the 1983 proceeding. Because there was sufficient, competent evidence to support the trial court's determination of a valid prior conviction at which defendant was advised of and waived his right to counsel, and because the lower court's finding is not otherwise clearly erroneous, we will not disturb this finding on appeal.

¶17. Ailport also argues that the State of Montana may not use his 1983 North Dakota conviction to enhance his current DUI charge, because under North Dakota law, unless the record of conviction affirmatively demonstrates that the defendant was either represented by counsel or waived his right to counsel, the conviction is presumptively void. Because a void conviction may not be used for the purpose of enhancing punishment on a subsequent offense, the conviction may not be used to support a felony charge unless the State proves by parol or other evidence that the defendant was, in fact, either represented by counsel or expressly waived his right to counsel. *State v. Orr* (N.D. 1985), 375 N.W.2d 171, 180. It is Ailport's contention that the evidence presented by the State was insufficient to prove that Ailport did in fact

**waive his right to counsel at the 1983 proceeding.**

**¶18. We agree with Ailport's statement that the North Dakota judgment could not be used to enhance a charge in Montana if the judgment were void as a matter of North Dakota law. "The judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced."** *Carr v. Bett*, **1998 MT 266, ¶ 39, \_\_\_\_ P.2d \_\_\_, 55 St.Rep. 1098, ¶ 39, (quoting** *Underwriters Nat. Assur. Co. v. North Carolina Life and Acc. and Health Ins. Guaranty Ass'n* **(1982), 455 U.S. 691, 704, 102 S.Ct. 1357, 1365, 71 L.Ed.2d 558, 570);** *see also* **U.S. Const. Art. IV, § 1; § 26-3-203, MCA;** *Thoring v. LaCounte* **(1987), 225 Mont. 77, 80, 733 P.2d 340, 342.**

**¶19. However, we disagree with Ailport's contention that the requirements for using a prior conviction under North Dakota law have not been met in this instance. In addition to the testimony of the clerk of the Williston City Court that it was the customary practice of the presiding judge of that court to advise defendants of their constitutional right to counsel, the citation from Ailport's 1983 North Dakota conviction contains an indication that Ailport was advised of those rights on that particular occasion. Additionally, it was the testimony of the Williston City Court clerk that it was the customary practice of the presiding judge to accept a plea of guilty only where a defendant had indicated that he was waiving his right to an attorney and wished to enter a guilty plea. Such evidence was sufficient, as a matter of North Dakota law, to overcome the presumption against the validity of an uncounseled conviction and shift the burden of going forward onto Ailport.** *See State v. Haverluk* **(N.D. 1988), 432 N.W.2d 871;** *City of Fargo v. Christiansen* **(N.D. 1988), 430 N.W.2d 327.**

**¶20. In weighing the testimony of the North Dakota attorney and the affidavit in which Ailport asserts he cannot recall being advised of his right to counsel, the District Court determined that there was not sufficient evidence to rebut the State's evidence that Ailport's prior conviction was constitutionally sound. We hold that this finding is supported by substantial evidence and that the District Court has not misapprehended the effect of the evidence before it. We therefore affirm the ruling of the District Court in denying Ailport's motion to dismiss.**

/S/ J. A. TURNAGE

We concur:


/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART