No. 00-172

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 252N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

WILLIAM PHILLIP JOHNSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

R. Stan Peeler, Peeler Law Office, Bozeman, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General, Helena, Montana

Marty Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs: August 3, 2000
Decided: September 21, 2000

Filed:

_____

Clerk


Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Defendant, William Phillip Johnson, was charged by Information filed in the District Court for the Eighteenth Judicial District in Gallatin County with a fourth offense of driving a motor vehicle while under the influence of alcohol, a felony pursuant to § 61-8-401, MCA. Johnson filed a motion to dismiss the felony DUI charge based on his contention that all three prior convictions were constitutionally invalid and, therefore, could not be considered to prove the offense. The District Court denied Johnson's motion to dismiss. Johnson then pled guilty, but reserved the right to appeal the denial of his motion to dismiss. After considering his appeal, we affirm the judgment of the District Court.

¶3 The sole issue presented on appeal is whether the District Court erred when it denied Johnson's motion to dismiss the felony DUI charge.

FACTUAL BACKGROUND

¶4 On June 1, 1999, William Phillip Johnson was charged by Information with the offense of driving or being in actual physical control of a motor vehicle while under the influence of alcohol. Johnson was previously convicted of DUI in Bozeman in 1985 and 1995 and in Belgrade in 1995. Based on these three prior convictions, the Information charged Johnson with a felony pursuant to § 61-8-401, MCA. The Information also charged Johnson with failure to carry proof of liability insurance in violation of § 61-6-301, MCA and speeding in violation of § 61-8-303, MCA.

¶5 On August 27, 1999, Johnson filed a motion to dismiss in which he argued that his prior convictions were unsupported by any evidence that he had been advised of, or waived, his right to counsel. On the basis of these assertions, Johnson requested that the felony charge be dismissed.

¶6 In support of his motion, Johnson submitted an affidavit which stated as follows:

1. On October 28, 1985, April 17, 1995, and July 24, 1995 I pled guilty to a DUI charge.

2. I was incarcerated regarding the April 17, 1995, and July 24, 1995, DUI charges.

3. I do not recall being advised of my rights, or waiving my right to counsel orally or in writing.

¶7 Johnson further supported his motion by submitting the records of his April 1995 conviction in Bozeman City Court and his July 1995 conviction in Belgrade City Court. The District Court record includes certified copies of the court records for Johnson's 1985 conviction in Bozeman. While the court records concerning the July 1995 conviction include a waiver of the right to an attorney form signed by Johnson, the April 1995 and 1985 court records contain no express waiver. The record of the 1985 conviction, however, included handwritten court minutes which stated that a waiver of attorney form had been signed and filed.

¶8 The State responded to Johnson's motion to dismiss by arguing that the court records for the 1985 offense and the July 1995 offense demonstrated that Johnson was informed of his right to counsel and that he waived that right. Furthermore, the State presented the affidavit of James D. McKenna, who served as Bozeman City Court Judge in April of 1995.

¶9 McKenna stated that he routinely advised everyone in his courtroom of their constitutional rights while conducting initial appearances or arraignments. He also testified that he was sure to advise persons charged with DUI of their right to counsel and that he often used the following language:

If you plead guilty or if you are convicted after a trial, I will impose jail time as part of the punishment for this offense. For that reason, if you want an attorney and

cannot afford one, the city will appoint an attorney for you. Would you like to apply for a court appointed attorney?

¶10 McKenna asserted that because it was his standard practice to advise DUI defendants of these rights, he maintained that Johnson must have understood and waived his right to counsel. However, McKenna conceded that he did not specifically remember Johnson's appearance, and that on occasion, other judges substituted for him. McKenna further conceded that, although he later utilized written waivers as part of his standard procedure, he was not sure if the written waiver was part of his courtroom procedure at the time of Johnson's April 1995 appearance.

¶11 In its written findings, the District Court concluded that two of Johnson's previous convictions had been accompanied by a waiver of the right to counsel:

> The State proved by certified court record that the 1985 and July of 1995 convictions were constitutionally valid as the defendant was advised of his rights and waived his rights before the court accepted his guilty pleas.

¶12 Furthermore, the District Court determined that Johnson had not presented sufficient direct evidence concerning the constitutional infirmity of Johnson's previous convictions:

> Here, the defendant filed an affidavit in which he claimed he did not remember being advised of his rights. This affidavit is not sufficient by itself for the defendant to establish the prior convictions were invalid.

¶13 Based on the foregoing, the District Court denied Johnson's motion to dismiss the felony DUI charge. Johnson entered guilty pleas to all counts. The District Court sentenced Johnson to five years at the Montana State Prison as a persistent felony offender. The District Court waived jail time and fines for failure to carry proof of insurance and speeding counts. Johnson now appeals the District Court's denial of his motion to dismiss the felony DUI charge.

## DISCUSSION

¶14 Did the District Court err when it denied Johnson's motion to dismiss the felony DUI charge?

¶15 When we review a district court's conclusions of law, the standard of review is

plenary and we must determine whether the district court's conclusions are correct as a matter of law. *State v. Rushton* (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359; *State v. Sage* (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143. When we review a district court's finding of fact, the standard of review is whether the court's findings are clearly erroneous. *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.

¶16 Johnson contends on appeal that the District Court erred when it denied the motion to dismiss the felony DUI charge. This contention is premised on Johnson's assertion that his previous convictions were unsupported by any evidence that he had been advised of, or voluntarily waived, his constitutional right to counsel.

¶17 The Sixth Amendment of the United States Constitution, and Article II, Section 24 of the Montana Constitution guarantee the fundamental right to the assistance of counsel. *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799; *State v. Craig* (1995), 274 Mont. 140, 148, 906 P.2d 683, 688 (citing *State v. Langford* (1994), 267 Mont. 95, 99, 882 P.2d 490, 492). This fundamental right to counsel extends only to cases in which a sentence of imprisonment is actually imposed. *Scott v. Illinois* (1979), 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d. 383; *State v. Hansen* (1995), 273 Mont. 321, 325, 903 P.2d 194, 197. However, the fundamental right to counsel does not extend to defendants who waive the right. *Craig*, 274 Mont. at 152, 906 P.2d at 690. Waiver requires a knowing and intelligent relinquishment of a known legal right. *State v. Blakney* (1982), 197 Mont. 131, 138, 641 P.2d 1045, 1049.

¶18 It is well established in Montana that the State may not rely on a constitutionally infirm conviction to support or enhance punishment. *Lewis v. State* (1969), 153 Mont. 460, 463, 457 P.2d 765, 766. In terms of the issues raised by Johnson, however, the dispositive legal framework is provided by *State v. Okland* (1997), 283 Mont. 10, 941 P.2d 431. In *Okland*, this Court held that: (1) a rebuttable presumption of regularity does attach to prior convictions; (2) that presumption may be overcome by direct evidence of irregularity; and (3) once direct evidence of irregularity is offered by the defendant, the burden shifts to the State to prove by direct evidence that the prior conviction was not obtained in violation of the defendant's rights. *Okland*, 283 Mont. at 18-19, 941 P.2d at 435.

¶19 Pursuant to the framework provided by *Okland*, we must first determine whether Johnson presented direct evidence to support his claim that the prior DUI convictions were constitutionally infirm. Upon examination of the record, we find that Johnson failed to present direct evidence to support these claims. Johnson's affidavit includes the assertion

that he does not remember being given his rights or waiving his right to counsel. Such an unsupported assertion standing alone does not rebut the presumption of regularity which attached to Johnson's previous DUI convictions.

¶20 Johnson cites our decision in *Okland* in support of his contention that prior convictions which deny a defendant his constitutional rights cannot be used to support a felony DUI charge. While we agree that *Okland* correctly states the rule in Montana, we find Johnson's reliance on *Okland* to be unavailing. The criminal defendant in *Okland* successfully shifted the burden of proof to the State by submitting an affidavit which established that a city judge had responded to his express request for counsel by informing the defendant that he could not have an appointed attorney because the defendant owned a motor vehicle. Despite the defendant's express requests, a court appointed attorney was never provided. Johnson's simple statement that he does not remember being advised of his rights is not direct evidence of irregularity such as provided in *Okland*.

¶21 Johnson also relies on *State v. Olson* (1997), 283 Mont. 27, 938 P.2d 1321. Johnson argues that his affidavit, like the affidavit of the defendant in *Olson*, provided evidence of irregularity which should have placed the burden on the State to prove by direct evidence that the prior convictions were not constitutionally infirm. Again, however, Johnson's reliance is misplaced.

¶22 In *Olson*, the defendant was charged with what would have been his fourth DUI offense. By affidavit, Olson asserted that in at least one of the prior proceedings relied on, he could not afford to hire an attorney; that he was not advised of his right to counsel; and that he was convicted without the assistance of counsel and was actually imprisoned as a result of this conviction. Johnson's evidence is not the substantive equivalent of that which was presented by Olson.

¶23 Pursuant to *Okland*, we need not address the evidence supplied by the State when the defendant has not successfully shifted the burden of proof by providing direct evidence of irregularity in the prior proceedings. Johnson's inability to recall being advised of his right to counsel is not direct evidence of any irregularity. *See State v. Ailport*, 1998 MT 315, ¶ 10, 292 Mont. 172, ¶ 10, 970 P.2d 1044 ¶ 10. Accordingly, we hold that the District Court did not err when it denied Johnson's motion to dismiss the felony DUI charge filed against him.

¶24 The judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY

/S/ JIM REGNIER