No. 99-327

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 351N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DELBERT IRA MORSE,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Custer,

The Honorable Gary Day, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Brian Kohn, Attorney at Law, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General, Helena, Montana

Garry P. Bunke, Custer County Attorney; Coleen I. Magera, Deputy

County Attorney, Miles City, Montana

Submitted on Briefs: January 27, 2000
Decided: December 21, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Delbert Ira Morse (Morse) appeals from the judgment and sentence entered by the Sixteenth Judicial District Court, Custer County, on his guilty pleas to the charges of felony driving under the influence of alcohol (DUI) and misdemeanor driving while his license was suspended or revoked. Specifically, he appeals from the District Court's denial of his motion to dismiss or reduce the felony DUI charge, having reserved the right to do so.

¶3 The sole issue on appeal is whether the District Court erred in concluding that a prior DUI conviction could be used to enhance Morse's sentence.

## BACKGROUND

¶4 On July 9, 1998, the State of Montana (State) charged Morse by information with felony DUI, based on three prior DUI convictions in 1991 and 1993, and misdemeanor driving while his license was suspended or revoked. Morse pled not guilty and subsequently moved to dismiss or reduce the felony DUI charge, contending that two of the earlier DUI convictions were constitutionally infirm for purposes of the current felony charge. In supporting affidavits, Morse stated that he had pled guilty to DUI charges on April 29, 1991, and April 12, 1993, without the benefit of legal advice and without being "offered a chance to speak with a court-appointed attorney . . . ." The State responded that court records from the referenced DUI cases established that Morse had been apprised of-- and waived--his right to an attorney.

¶5 After a hearing at which Morse testified, the District Court found he had been advised of and waived his right to an attorney in the two earlier cases and denied the motion to dismiss or reduce the felony DUI charge. Morse ultimately pled guilty to the 1998 felony DUI charge and the misdemeanor driving charge pursuant to a plea agreement, specifically reserving his right to appeal the denial of his motion. The District Court entered judgment and sentence and stayed execution of the judgment pending appeal. Morse appeals from the District Court's determination that the 1991 DUI charge can be used to enhance his sentence.

## STANDARD OF REVIEW

¶6 A district court's determination that a prior conviction may be used to enhance a criminal sentence is a conclusion of law. *State v. Ailport*, 1998 MT 315, ¶ 6, 292 Mont. 172, ¶ 6, 970 P.2d 1044, ¶ 6. We review a district court's conclusions of law to determine whether the conclusions are correct. *State v. Okland* (1997), 283 Mont. 10, 14, 941 P.2d 431, 433. We review the findings of fact on which conclusions are based to determine if they are clearly erroneous. *Okland*, 283 Mont at 14, 941 P.2d at 431. A court's findings are clearly erroneous if they are not supported by substantial evidence, the court has misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been committed. *Ailport*, ¶ 6 (citation omitted).

## DISCUSSION

¶7 **Did the District Court err in concluding that Morse's 1991 DUI conviction could be used to enhance his sentence?**

¶8 The Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee an accused the fundamental right to the assistance of counsel, but the right extends only to cases in which a sentence of imprisonment is actually imposed. *Okland,* 283 Mont. at 14, 941 P.2d at 433 (citations omitted). An accused may waive the right to counsel, but only by a "knowing and intelligent relinquishment of a known right." *Okland*, 283 Mont. at 14, 941 P.2d at 433 (citations omitted).

¶9 It is well established in Montana that the State may not rely on a constitutionally infirm conviction to support an enhanced punishment. *Okland*, 283 Mont. at 15, 941 P.2d at 434

(citation omitted). In this regard, a rebuttable presumption of regularity attaches to a prior DUI conviction during a collateral attack, but a defendant may rebut the presumption by introducing direct evidence that a prior conviction is constitutionally invalid. In that event, "the burden then shifts to the State to produce direct evidence and prove by a preponderance of the evidence that the prior conviction was not entered in violation of the defendant's rights." *Okland*, 283 Mont. at 18, 941 P.2d at 436.

¶10 In the present case, Morse contended in his written motion to dismiss--and at the hearing--that his affidavit and testimony were sufficient to rebut the presumption of regularity under *Okland*, thus placing the burden of presenting direct evidence establishing the constitutional validity of the 1991 DUI conviction on the State. The State agreed and the District Court clarified at the hearing that the burden was on the State.

¶11 In its oral ruling from the bench, the District Court determined that the State met its burden and that, under the totality of the circumstances, the record indicated Morse had been advised of his rights--and chose to proceed with a guilty plea--in the 1991 DUI proceeding. In a subsequent written order "intended to memorialize" its oral ruling, the court first recounted its previous denial of Morse's motion based on a finding that the documentation presented by the State indicated Morse was properly informed of his constitutional rights regarding representation and made a knowing waiver. It also "specifically finds that under *State v. Okland* . . . , [Morse] *did not* overcome the rebuttable presumption of regularity . . . ." (Emphasis added.)

¶12 On their face, the District Court's rulings are inconsistent with regard to whether the rationale for its denial of the motion to dismiss was Morse's failure to meet his burden of rebutting the presumption of regularity or the State's meeting of its burden thereafter. This is exacerbated by the State's concession--and the District Court's recognition at the hearing--that Morse rebutted the presumption of regularity. For those reasons, we assume *arguendo* in this case that Morse did meet the initial *Okland* requirement of rebutting the presumption of regularity, and proceed to determine whether the District Court's determination that the totality of the circumstances supports a finding that Morse was advised of--and waived--his constitutional rights regarding an attorney during the 1991 DUI proceeding was clearly erroneous.

¶13 Morse's affidavit states that he pled guilty to the 1991 DUI without benefit of counsel and was not offered a chance to speak with a court-appointed attorney before his plea was accepted. He testified he did not recall the justice of the peace advising him of his rights,

the maximum penalty for the DUI charge, or, more specifically, his right to counsel. In addition, "I don't believe [the justice of the peace advised of the right to counsel]. It was a long time ago."

¶14 The State relies on the "Court Minutes" from the 1991 DUI proceeding, which consist of a partially filled in form on the reverse of Morse's DUI ticket and complaint. The typed portion of that form indicates the "defendant appeared [and] was advised of his constitutional rights. . . ." The signature of the justice of the peace appears thereafter, followed by "Understands Rights __," "Understands Charge __," and "Waived Rights Yes __ No __ [.]" Each of the first two blanks is checked and "Yes" is marked following "Waived Rights." The guilty plea "Yes" blank appearing immediately thereafter also is checked. The State argues that this record is direct evidence establishing Morse was advised of, and waived, his right to counsel prior to entering his guilty plea.

¶15 Morse, on the other hand, relies on subsequent portions of the "Court Minutes." The sentencing information appears next on the form, followed by a signature line for the justice of the peace which is not filled in. The next portion of the "Court Minutes" reads "I understand I have the right to an attorney and I waive that right[,]" followed by a signature line which is not signed. According to Morse, the absence of his signature indicates "that he did not understand he had a right to counsel before a finding of guilt and that he was waiving that right by pleading guilty at his arraignment." He also observes that the final signature line, for the justice of the peace to certify the form, is blank. Thus, according to Morse, the State has not met its burden of establishing the constitutional validity of his 1991 DUI conviction and, as a result, the District Court erred in concluding the conviction could be used to enhance his sentence in the current proceeding. We disagree.

¶16 We rejected similar arguments in *State v. Couture*, 1998 MT 137, 289 Mont. 215, 959 P.2d 948, and *State v. Brown*, 1999 MT 143, 295 Mont. 5, 982 P.2d 1030. In *Couture*, the defendant and his spouse presented affidavits in district court stating he was not advised of his right to counsel in earlier DUI cases. The defendant also alleged the judge had merely marked an "X" in front of the lines on the acknowledgment of rights form where he was expected to sign. *Couture*, ¶ 15. The State then produced acknowledgment of rights forms from the prior cases indicating that the defendant was advised of and waived his right to counsel. It argued the district court could give more weight to the forms than to the defendant's affidavits and the court did so, ultimately concluding the prior DUI convictions could be used in sentencing. *Couture*, ¶¶ 16, 18. We affirmed the district court based on our recognition in *State v. Olson* (1997), 283 Mont. 27, 32-33, 938 P.2d 1321,

1325, that

> the weight of the evidence and the credibility of the witnesses are exclusively within the province of the district court and when the evidence conflicts, the district court is in the best position to make the necessary inferences and determine which evidence is more persuasive.

*Couture, ¶¶ 17-18.*

¶17 Similarly, the defendant in *Brown* testified he did not recall being informed of his right to counsel and did not sign a waiver of that right before pleading guilty to prior DUI charges. *Brown*, ¶ 6. The State responded by introducing into evidence, among other things, several "Initial Appearance and Advisement of Rights" forms signed by the judge, but not signed by the defendant. Handwritten checkmarks appeared next to each specific right, including the right to counsel, indicating the defendant had been advised. *Brown*, ¶¶ 7-8. The district court concluded the State had met its burden and the defendant appealed, arguing that the lack of a signed advisement of rights and acknowledgment of waiver of rights form established the constitutional infirmity of the prior convictions. *Brown*, ¶¶ 18-19. We disagreed, again holding that the district court is in the best position to weigh conflicts in the evidence. *Brown*, ¶ 22. We also expressly declined to hold that the omission of a defendant's signature on an advisement or acknowledgment of rights form is conclusive evidence of constitutional infirmity. While the defendant's signature on an acknowledgment and waiver of rights form is the best evidence of an understanding and voluntary waiver of rights, it is but one factor to be considered in the totality of the circumstances. *Brown*, ¶¶ 19-20.

¶18 In the present case, as in *Couture* and *Brown*, the District Court was in the best position to determine the credibility of the witnesses and to weigh and resolve conflicts in the evidence. We conclude the District Court's finding that the totality of the circumstances established that Morse was advised of--and waived--his constitutional rights to an attorney during the 1991 DUI proceeding is supported by substantial credible evidence and is not otherwise clearly erroneous. Therefore, we hold the District Court did not err in concluding that Morse's 1991 DUI conviction could be used to enhance his sentence.

¶19 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER