JUSTICE BAKER,
dissenting.
¶27 I would affirm the District Court’s well-reasoned opinion that Cleary’s suspended imposition of sentence constituted a conviction for the purpose of enhancing his current DUI conviction to a felony under § 61-8-731, MCA (2007).
¶28 For purposes of determining whether a person has three prior convictions in order for a DUI to constitute a felony, Montana law *150 defines “conviction” to include “conviction for a violation of a similar statute or regulation in another state[.]” Section 61-8-734(l)(a), MCA (2007). The South Dakota court entered an order in August 2007, suspending imposition of Cleary’s sentence pursuant to SDCL § 23A-27-13. South Dakota law makes clear that a suspended imposition of sentence is considered a prior conviction “[f]or the sole purposes of consideration of the sentence of a defendant for subsequent offenses or the determination of whether the defendant is an habitual offender under chapter 22-7, ... whether or not discharge and dismissal have occurred.” SDCL § 23A-27-15 (emphasis added). “The South Dakota Supreme Court has plainly held that a suspended imposition of sentence may be used to enhance the penalty for a subsequent criminal law violation.” Whitepipe v. Weber, 536 F. Supp. 2d 1070, 1080 (D.S.D. 2007) (citing State v. Marnette, 519 N.W.2d 35, 38 (S.D. 1994); Winchester, 438 N.W.2d 555).
¶29 Section 61-8-734(l)(a), MCA (2007), provides in relevant part that in order to determine the number of convictions for prior offenses, “‘conviction’ means a final conviction, as defined in 45-2-101, in this state, [or] conviction for a violation of a similar statute ... in another state[.]” Thus, the statute does not define “conviction in another state,” but limits reference to § 45-2-101, MCA, to determining a final conviction “in this state.” We have held that the determination whether the defendant has been convicted in another state is to be made by reference to that state’s law. In State v. Ailport, 1998 MT 315, ¶¶ 18-19, 292 Mont. 172, 970 P.2d 1044, we considered North Dakota law in determining whether a North Dakota judgment could be used to enhance a charge in Montana. We stated, “The judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced.” Ailport, ¶ 18 (quoting Carr v. Bett, 1998 MT 266, ¶ 39, 291 Mont. 326, 970 P.2d 1017). Cleary’s suspended imposition of sentence constituted a conviction in South Dakota for the purpose of considering his sentence for subsequent offenses.
¶30 Application of Montana’s statutes does not lead to a different conclusion. Cleary’s 2007 DUI charge resulted in a judicial disposition of a criminal proceeding upon his plea of guilty. It therefore was a “sentence” within the meaning of Montana’s definition of “conviction.” Sections 45-2-101(16), 46-1-202(25), MCA (2005). Accordingly, nothing in Montana law prohibits Montana courts from giving it the same effect for the “sole purpose” of consideration of Cleary’s sentence in this case.
*151 ¶31 The purpose of South Dakota’s statute allowing a suspended imposition of sentence is to give an offender one chance for judicial leniency. Winchester, 438 N.W.2d at 555-56. While a suspended sentence may not be considered a conviction “for certain purposes,” it explicitly is a conviction for determining enhancement of sentence for subsequent offenses. State v. Cran, 281 N.W.2d 81, 84 (S.D. 1979). Both the 2007 sentencing order and the 2010 nunc pro tunc order expressly note that Cleary entered a plea of guilty to the offense of “driving or control of vehicle while having .08 percent or more of alcohol in blood” and that, based on his lack of any prior felony convictions, the imposition of his sentence was suspended pursuant to SDCL § 23A-27-13. Once Cleary committed another offense, he lost the protection of that “judicial clemency” under South Dakota law. South Dakota’s determination that his 2007 DUI should be considered a prior conviction for sentence enhancement purposes is entitled to “the same credit, validity, and effect” in Montana.
¶32 I would affirm the judgment of the District Court.
JUSTICE RICE joins in the dissenting Opinion of JUSTICE BAKER.