No. 81-80

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

EDWARD C., Guardian Ad Litem of
WILLIAM E., a Minor,

Petitioner and Appellant,

-vs-

DAVID J. COLLINGS, Sheriff of Powell
County, Montana,

Respondent and Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Appellant:

McCaffery and Peterson, Butte, Montana

For Respondent:

Ted L. Mizner, County Attorney, Anaconda,
Montana

---

Submitted on Brief:   April 23, 1981

Decided:  August 5, 1981

Filed: AUG 5- 1981

Thomas Jr. Kearney
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Edward C., petitioned for a writ of habeas corpus on behalf of his minor son, William E. The petition stemmed from an order of the Justice Court, Powell County, finding William guilty of illegal possession of alcohol and sentencing him to a $50 fine and ten days in the Powell County jail.

William is a 17-year-old minor who lives in Deer Lodge, Montana. On January 30, 1981, he was arrested for illegal possession of alcohol, a misdemeanor. A citation was issued, and William was ordered to appear in the Powell County Justice Court, Deer Lodge, Montana.

William appeared before the justice court on February 3, 1981. He was unaccompanied by parent or counsel. William was read his rights including his right to counsel. Petitioner asserts the minor was not advised that his parents could or should be present. Additionally, petitioner alleges that William requested the right to speak with his father, but such request was denied after William admitted to possession of two cans of beer.

By affidavit, the presiding justice of the peace stated that William was offered the opportunity to have his parents present. The minor defendant allegedly had already discussed the problem with his parents; he did not want them there, and he did not want counsel. According to the justice, William admitted possession of alcohol and wanted to plead guilty though he had been advised of the fine and jail time to be imposed.

William was found guilty of illegal possession of alcohol and sentenced to a $50 fine and ten days in the

county jail. The jail term was to be satisfied by serving five consecutive weekends, beginning at 4:00 p.m. of each Friday and ending at 4:00 p.m. each Sunday. William began serving the sentence, during the weekends of February 6-8 and 13-15, 1981, whereupon the sentence was suspended by agreement of all parties until the matter could be heard and decided by this Court.

The issue presented to this Court is: Whether William E. effectively waived his constitutional right to counsel in the justice court?

The issue in this case arises as a result of the concurrent jurisdiction over illegal possession of alcohol violations granted to youth courts and to justice, municipal, or city courts. Section 41-5-203, MCA, Montana Youth Court Act, provides that:

> "(1) Except as provided in subsection (2), the court has exclusive original jurisdiction of all proceedings under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth, a youth in need of supervision, or a youth in need of care or concerning any person under 21 years of age charged with having violated any law of the state or ordinance of any city or town other than a traffic or fish and game law prior to having become 18 years of age.

> "(2) Justice, municipal, and city courts have concurrent jurisdiction with the youth court over all alcoholic beverage violations alleged to have been committed by a youth."

Possession of alcohol is an offense pursuant to section 45-5-624, MCA, which provides:

> "(1) . . . A person under the age of 19 commits the offense of possession of an intoxicating substance if he knowingly has in his possession an alcoholic beverage, except that he does not commit the offense when in the course of his employment it is necessary to possess alcoholic beverages."

The penalties pursuant to this statute are:

> "(2) A person convicted of the offense of possession of an intoxicating substance shall be fined not to exceed $50 or be imprisoned in the county jail

for any term not to exceed 10 days, or both. If proceedings are held in the youth court, the preceding penalty does not apply, and the offender shall be treated as an alleged youth in need of supervision as defined in 41-5-103(13) . . . ."

In light of section 45-5-624, MCA, it is clear that the county attorney has sole discretion over which court shall hear illegal possession of alcohol violations. Difficulties arise because although a defendant's constitutional rights must be respected in each setting, waiver provisions are expressly stated for youth court and would seem to be at variance with those in justice court.

Regarding the right to counsel in justice or municipal court, section 46-8-101, MCA, provides:

"(1) Every defendant brought before the court must be informed by the court that it is his right to have counsel before proceeding and must be asked if he desires the aid of counsel.

"(2) The defendant, if charged with a felony, must be advised that counsel will be furnished at state expense if he is unable to employ counsel. If the offense charged is a felony and if the defendant desires counsel and is unable to employ counsel, a court of record must assign counsel to defend him.

"(3) If the offense charged is a misdemeanor and if the defendant desires counsel and is unable to employ counsel, a court of record in the interest of justice may assign counsel to defend him."

Waiver of this right is allowable under section 46-8-102, MCA, which states that:

"A defendant may waive his right to counsel, except that in all felony cases where the defendant is under 18 years of age, the defendant shall be represented by counsel at every stage of the proceedings following the filing of a petition under 41-5-501."

No express statutory guidelines exist in this statute delineating an effective waiver. This Court has held that to constitute an effective waiver, the waiver must be intelligently and knowingly given. State v. Schenk (1968), 151 Mont. 493, 498, 444 P.2d 861, 863. In determining whether the waiver was intelligently given, a court must look at the

-4-

particular facts of each case, as well as the background, experience and conduct of the defendant. In Re Jones' Petition (1963), 143 Mont. 19, 23, 386 P.2d 747, 750. These are the standards a justice or municipal court is governed by in accepting or rejecting a waiver of counsel.

However, an examination of the Youth Court Act provision establishing right to counsel and waiver thereof discloses a marked difference from the above justice and municipal court provisions. Section 41-5-511, MCA, provides that:

> "In all proceedings following the filing of a petition alleging a delinquent youth or youth in need of supervision, the youth and the parents or guardian of the youth shall be advised by the court or, in the absence of the court, by its representative that the youth may be represented by counsel at all stages of the proceedings. If counsel is not retained or if it appears that counsel will not be retained, counsel shall be appointed for the youth unless the right to appointed counsel is waived by the youth and the parents or guardian. Neither the youth nor his parent or guardian may waive counsel after a petition has been filed if commitment to a state correctional facility or to the department of institutions for a period of more than 6 months may result from adjudication." (Emphasis added.)

Under this section an express provision governing the waiver of the right to counsel is included within the statute. This statute requires not only waiver by the youth but also by the parents or guardian of the youth. Therefore, in youth court, a waiver must be intelligently and understandingly given by both minor and parent or guardian.

When a county attorney chooses to allow illegal possession of alcohol violations to be heard in justice or municipal courts, his action strips a minor of an additional protection or safeguard which the legislature expressly granted to such minors, i.e., waiver by the parents or guardian. Section 41-5-102, MCA, declares that:

> "The Montana Youth Court Act shall be interpreted and construed to effectuate the following express legislative purposes:

"(4) to provide judicial procedures in which the parties are assured a fair hearing and recognition and enforcement of their constitutional and statutory rights."

One of the express judicial procedures adopted by the legislature to effect this purpose was the additional requirement of parental waiver of the youth's right to counsel. Surely the legislature did not intend to grant a judicial safeguard to minors in one judicial setting and then preclude the application of such safeguard for the same crime charged in a different forum. Yet this would be the result if this Court refused to require parental waiver of the right to counsel in justice or municipal courts regarding illegal possession of alcohol violations.

The concurrent jurisdiction of justice and municipal courts with youth courts of illegal possession of alcohol violations creates a situation whereby a county attorney has the power to determine a minor's rights. Such a situation is untenable in light of the express purposes of the Youth Court Act. Therefore, we hold that the waiver of right to counsel by William in the case at bar was ineffective. Parental waiver is necessary in justice or municipal courts where the youth court has concurrent jurisdiction.

It is hereby ordered that the writ of habeas corpus be issued. The defendant's plea is vacated and the cause remanded to justice court for proceeding in accordance with this opinion.

_____
Justice

We concur:

_____

_____
Justices

-6-

Daniel J. Shea

Justices