No. 82-168

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA, ex rel.,
LLOYD SCOTT MAIER, a Minor,
and ROBERT P. MORIN, his attorney,

Petitioners,

vs.

THE CITY COURT OF THE CITY OF BILLINGS,
COUNTY OF YELLOWSTONE, HONORABLE DONALD
E. BJERTNESS, A JUDGE THEREOF,

Respondents.

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioners:

Berger Law Firm, Billings, Montana
Robert Morin, Billings, Montana

For Respondents:

Donald E. Bjertness, Billings, Montana
Peterson, Schofield and Leckie, Billings, Montana

Submitted:  July 16, 1982

Decided:  August 20, 1982

Filed: AUG 2 0 1982

_Thomas J. Kearney_
_____
                          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is a petition by the minor, Lloyd Scott Maier, and his counsel, Robert P. Morin, for a writ of supervisory control or other appropriate writ. We grant the petition and deny.

On February 4, 1982, the petitioner, Lloyd Scott Maier, was issued a notice to appear on a complaint of failure to drive in a careful and prudent manner. The complaint was issued by officer Dewayne Ness, a police officer employed by the City of Billings. He was not required to appear until February 11, 1982. The petitioner, Maier, appeared on the eleventh day before the City Court of the City of Billings, County of Yellowstone, before respondent Judge, Donald E. Bjertness. At the time of his appearance, he was asked if he had a parent with him. He replied that he did not and Judge Bjertness directed him to leave the courtroom, go to a phone provided for him and call his parents to have them appear with him. After some time he reappeared in the courtroom, and indicated to Judge Bjertness that his parents would not appear with him and he would have to appear by himself. After being told that the parents would not appear with him, Judge Bjertness accepted the petitioner's plea of guilty and fined him in the amount of $45. The motor vehicle he was driving was impounded after petitioner told the court that he did not have the $45. In addition to impounding the car he was driving, the petitioner, Maier, was required to turn in his Montana driver's license to the court.

Petitioner hired counsel in February 1982, six days after having entered the plea and through counsel filed a motion to withdraw his plea of guilty with a memorandum in support to the city court.

At both appearances, the petitioner, Maier, was age seventeen, born on July 25, 1964.

Two months later, the petitioner appeared with counsel, Morin, requesting a withdrawal of the previous plea of guilty.

- 2 -

After evidence was heard, Judge Bjertness entered a written order denying the petitioner's motion to withdrew the plea of guilty. The court issued the order on May 13, 1982.

At the time of his appearance on April 12, 1982, petitioner contended that as a seventeen-year-old youth, he was unable to intelligently and understandingly enter a plea of guilty. He argued that, as a minor, as a matter of law, he was incompetent to appear without parent and/or an attorney in entering his plea of guilty.

The respondent judge, in his May 13 written order denying the withdrawal of the plea, stated that a juvenile appearing in the city court on a traffic citation does not have the right to appointed counsel and found it was unnecessary to have appointed counsel present when one considers there was no provision for incarceration of a juvenile upon his entry of a plea of guilty or a conviction relative to a minor traffic violation.

The sole issue presented to this Court by the petitioner's request is whether a minor is incompetent to appear in a city court on the charge of failing to drive in a careful and prudent manner without a parent, guardian or attorney and waive his right in order to enter into a valid plea of guilty. The petitioner argues Judge Bjertness failed to follow the clear mandates of section 41-5-511, MCA, section 61-12-601, MCA, and our recent case of Edward v. Collings (1981), ____ Mont. ____, 632 P.2d 325, 38 St.Rep. 1240.

In Edward, supra, this Court considered a writ of habeas corpus on behalf of a minor who had entered a plea of guilty of illegal possession of alcohol, where the court sentenced the minor to a fine of $50 and ten days in the Powell County jail to be served on weekends. As here, the youth was unaccompanied by a parent or counsel at the time of the plea and petitioner alleged that he requested the right to speak to his father before entering a plea, but that such request was denied after he admitted the possession of two cans of beer. This Court held

- 3 -

that the Montana Youth Court Act, Chapter 5, sections 41-5-101 through 41-5-924 applied.

However, there is an important distinction between <u>Edward</u> supra, and the present case. The violation in <u>Edward</u> was an illegal possession of alcohol, where an incarceration sentence was imposed. In this case the charge was only that of a traffic violation without an imposition of any incarceration. Here, there was no possibility of any jail time being given as part of the sentence according to our law.

We find that neither the statutory provisions of the Montana Youth Court Act apply nor is the <u>Edward</u> case determinative of the issue presented to us. Under the provision of 61-12-601, MCA, the city court had jurisdiction of the matter, and the penalties prescribed and ordered by the court were within the statutory authority granted.

<u>"Unlawful operation by minor --- jurisdiction of courts --- penalties.</u>

"(1)  The district courts and the justices' courts of the state and the municipal and city courts of cities and towns shall have concurrent original jursidiction in all proceedings concerning the unlawful operation of motor vehicles by children under the age of 18 years.

"(2)  Whenever, after a hearing before the court, it shall be found that a child under the age of 18 years has unlawfully operated a motor vehicle, the court may:

"(a)  impose a fine, not exceeding $50, provided such child shall not be imprisoned for failure to pay such fine;

"(b)  revoke the driver's license of such child, or suspend the same for such time as may be fixed by the court; and

"(c)  order any motor vehicle owned or operated by such child to be impounded by the probation officer for such time, not exceeding 60 days, as shall be fixed by the court. However, if the court shall find that the operation of such motor vehicle was without the consent of the owner, then such vehicle shall not be impounded.

"(3)  Upon nonpayment of any fine herein provided for, the court may order that any motor vehicle owned by said child or operated by said child with the consent of the owner shall be impounded until the fine shall be paid, or

may order that the driver's license of such child shall be taken up and held by the probation officer until payment of said fine, or may cause both said motor vehicle and said driver's license to be taken up and impounded until such fine shall be paid; but no child shall be committed to or held in any detention facility or jail by reason of non-payment of such fine." Section 61-12-601, MCA.

In addition, we note that the Montana Youth Court Act does not apply to traffic violations. Section 41-5-511, MCA, provides as follows:

"Right to Counsel. In all proceedings following the filing of a petition alleging a delinquent youth or youth in need of supervision, the youth and the parent or guardian of youth shall be advised by the court, or in absence of the court, by its representative, that the youth may be represented by counsel at all stages of the proceedings. If counsel is not retained, or it appears that counsel will not be retained, counsel shall be appointed for the youth if the parents and the youth are unable to provide counsel, unless the right to appoint counsel was waived by the youth and parent or guardian..."

This statute has no application to the case at hand for here the petitioner was in the City Court of Billings on a traffic violation, not as a result of a filing of a petition alleging him to be a delinquent youth or a youth in need of supervision. Our statutes provide in the above-quoted statute, 61-12-601, MCA, for the handling of violations by a minor and the jurisdictions of the court to handle such violation. In addition it should be further noted that the Youth Court Act 41-5-203 provides:

"Jurisdiction of the Court. (1) Except as provided in subsection (2), the court has exclusive jurisdiction of all proceedings under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth, a youth in need of supervision, or a youth in need of care or concerning any individual under twenty-one years of age charged with having violated any law of the state or ordinance of any city or town other than a traffic or fish and game violation prior to having become eighteen years of age." (Emphasis supplied.)

Having found that neither the statutory provisions of the Montana Youth Court Act apply nor is Edward, supra, determinative of the issue at hand, we will consider now the facts of

- 5 -

the case presented to us to see if it meets the intent of our law.

This presents us with the issue of whether the petitioner, Maier, made a knowledgeable waiver of his rights prior to the time which he entered his plea of guilty.

On the information submitted to us for our consideration in this petition it appears that the petitioner, Lloyd Scott Maier, did, in fact, make a knowledgeable waiver of his rights prior to the time he entered the plea. There is nothing to base any other contention, as made by the comment that he did not understand and know what the law was in regard to the requirements to drive a vehicle in a careful and prudent manner. As a seventeen-year-old, who had been granted a license to drive an automobile, it would appear from his record that he had the capability to determine in his own mind if he had, in fact, failed to comply with the requirements of the laws of the State of Montana.

Here petitioner was given an opportunity by the presiding judge and, in fact, directed to call his parents to have them appear with him at the time he made his appearance. As previously noted, his notice to appear was issued on February 4, 1982, a week before he was required to appear as he did on February 11, 1982. This gave him sufficient opportunity to relay that notice of time for his appearance to a parent or guardian. He could have at the time of his appearance had his parents with him, or as previously noted on the basis of his telephone call to get his parents they could have been with him at the time he made his plea, and it was only after making the call and informing the presiding judge that his parents would not appear that he was allowed to enter his plea of guilty.

We recognize that the right to counsel is one of the fundamental rights that support justice in our system and that it is a right essential to minors who are not knowledgeable of their fundamental rights. However, in the case at hand, it does not appear to be that we have one of those cases in which the

petitioner, a minor, could claim he did not know what he was doing; that he did not know the consequences of his act; and that he was not given an opportunity to have his parents, guardians, or a chosen counsel to represent him.

In view of the foregoing, we hold that the presiding Judge, Bjertness, did not abuse his discretion in denying petitioner's right to withdraw his plea of guilty and enter a plea of not guilty.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices