No. 01-628

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 190

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

ELROY PATRICK KEENAN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and for the County of Missoula, Cause No. DC-99-13786,
                     Honorable Ed McLean, Judge Presiding

COUNSEL OF RECORD:

       For Appellant:

       Bryan Charles Tipp and Tina J. Kagi, Tipp & Buley, Missoula, Montana

       For Respondent:

       Honorable Mike McGrath, Attorney General; Mark Mattioli,
       Assistant Attorney General, Helena, Montana

       Fred Van Valkenburg, County Attorney; Karen Townsend, Deputy
       County Attorney, Missoula, Montana

Submitted on Briefs:  April 4, 2002

Decided:  July 30, 2003

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Elroy Patrick Keenan (Keenan) appeals from the order entered by the Fourth Judicial District Court, Missoula County, denying Keenan's motion to dismiss or to amend the charge of felony driving while under the influence of alcohol (DUI). We affirm.

¶2 The sole issue presented on appeal is whether the District Court erred in denying Keenan's motion to dismiss or amend the charge.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On June 11, 1999, Keenan was arrested in Missoula County, Montana, on a charge of DUI. He was charged with a fourth lifetime offense DUI, a felony, based upon his previous DUI convictions in 1995, 1990, 1986.

¶4 Keenan filed a motion to dismiss or to amend the charge to misdemeanor DUI, asserting that one of his three prior DUI convictions was constitutionally infirm. Keenan contended that at the time he entered his guilty plea to the 1990 DUI charge, he could not afford to hire an attorney, he was not represented by an attorney, he did not recall being advised of his constitutional right to an attorney, and he did not recall waiving his right to counsel. The District Court denied Keenan's motion to dismiss or amend the charge.

¶5 On March 15, 2001, the State of Montana and Keenan entered into a plea agreement wherein Keenan entered a conditional plea of guilty, and reserved his right to appeal the denial of his motion. The District Court entered judgment on July 12, 2001, and Keenan now appeals.

## DISCUSSION

2

¶6    Did the District Court err in denying Keenan's motion to dismiss or amend the charge of felony DUI?

¶7    When we review a district court's conclusions of law, the standard of review is plenary and we must determine whether the district court's conclusions are correct as a matter of law. *State v. Olson* (1997), 283 Mont. 27, 30, 938 P.2d 1321, 1324. When we review a district court's findings of fact, the standard of review is whether those findings are clearly erroneous. *Olson*, 283 Mont. at 30, 938 P.2d at 1324.

¶8    A rebuttable presumption of regularity attaches to a prior DUI conviction subject to a collateral attack. *State v. Okland* (1997), 283 Mont. 10, 18, 941 P.2d 431, 436. This presumption may be overcome by direct evidence of irregularity by the defendant. At that point, "the burden then shifts to the State to produce direct evidence and prove by a preponderance of the evidence that the prior conviction was not entered in violation of the defendant's rights." *Okland*, 283 Mont. at 18, 941 P.2d at 436; *see also Olson*, 283 Mont. at 31, 938 P.2d at 1324.

¶9    Pursuant to that procedural framework, we must first determine whether Keenan presented direct evidence that his constitutional rights were violated in the prior proceeding. In support of his claim, Keenan submitted an affidavit which states, in relevant part, as follows:

> 4. That I do not recall being advised of my constitutional right to an attorney, or appointment of an attorney if I could not afford one.
> 5. That I do not recall waiving my right to an attorney.
> 6. That I did not consult an attorney regarding this matter because, at the time, I did not have the money to retain an attorney.

3

Keenan notes that the record from his earlier conviction is silent on the question of whether he knowingly and intelligently waived his right to counsel because the audiotape of the 1990 arraignment could not be found. Citing to our holding in *Okland*, 283 Mont. at 15, 941 P.2d at 434, that a court may not presume waiver of counsel from a silent record, Keenan argues that his affidavit provides sufficient evidence to rebut the presumption of regularity.

¶10    In *State v. Big Hair*, 1998 MT 61, 288 Mont. 135, 955 P.2d 1352, we held that a defendant's inability to recall whether he waived his right to counsel did not constitute direct evidence sufficient to rebut the presumption of regularity. We stated:

> Big Hair did not present any direct evidence in support of his claim that his constitutional right to counsel was violated in the prior proceedings. He testified only that he could not recall whether he had been advised of his right to counsel and whether he had waived that right. We conclude that . . . Big Hair has failed to rebut the presumption of regularity with any direct evidence that his constitutional right to counsel was violated.

*Big Hair*, ¶ 18. Likewise, Keenan's inability to recall whether he waived his right to counsel during the 1990 arraignment does not constitute direct evidence sufficient to rebut the presumption of regularity, even in the face of a silent record.

¶11    We have held that the presumption of regularity is not diminished by the absence of a transcript or record. *Okland*, 283 Mont. at 18, 941 P.2d at 435-36. There we concluded, based on *Parke v. Raley* (1992), 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391, that:

> "The circumstance of a missing or nonexistent record is, we suspect, not atypical, particularly when the prior conviction is several years old. . . . On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights."

*Okland*, 283 Mont. at 18, 941 P.2d at 435-36 (quoting *Parke,* 506 U.S. at 30, 113 S.Ct. at 524, 121 L.Ed.2d at 404). Keenan has made no allegation that the inability to locate the audiotape of the 1990 arraignment was due to governmental misconduct. Testimony presented to the District Court established that the inability to produce the audiotape was due to a recent move in storage facilities.

¶12     Based on the foregoing, Keenan has failed to rebut the presumption of regularity with any direct evidence that his constitutional right to counsel was violated. Therefore, we hold Keenan's 1990 conviction was constitutionally sound, and we affirm the District Court's order denying Keenan's motion to dismiss or amend the charge.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA COTTER