DA 08-0317

FILED

April 14 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 124

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

ANTHONY JAMES ALLEN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC-2007-208
Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Jorge Quintana; Quintana Law Firm, Helena, Montana

       For Appellee:

              Hon. Steve Bullock, Montana Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

                      Submitted on Briefs:  March 11, 2009

                                 Decided:  April 14, 2009

Filed:

              _____
                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Anthony James Allen (Allen) appeals the denial of his motion to dismiss a charge of driving under the influence of alcohol (DUI), fourth or subsequent offense, a felony, by the First Judicial District Court, Lewis and Clark County. We affirm.

¶2 Allen seeks dismissal of his felony DUI charge by challenging a prior DUI conviction, essentially raising two related issues, which we restate as follows:

¶3 Whether Allen actually waived his right to counsel.

¶4 Whether Allen was capable of knowingly, voluntarily and intelligently waiving his right to counsel as a minor.

## BACKGROUND

¶5 Allen was charged with DUI, a felony, in violation of § 61-8-401, MCA, on June 28, 2007. The felony DUI charge results from the enhanced punishment provisions of § 61-8-731, MCA, which direct that a fourth DUI conviction be treated as a felony. Allen's previous convictions include the following:

1. DUI on February 18, 1997, in Helena City Court;

2. operating a motor vehicle with BAC of .08 or greater on August 29, 2002, in Lewis and Clark County Justice Court; and

3. DUI on January 16, 2004, in Helena City Court.

Allen filed a motion to dismiss the current felony DUI charge on October 25, 2007, arguing that his 1997 DUI conviction was constitutionally infirm because the City Court accepted his guilty plea without consent of a parent, and as a minor, Allen was not

2

capable of knowingly, voluntarily and intelligently waiving his right to counsel. By challenging his 1997 DUI conviction, Allen seeks to reduce his current DUI charge from a felony to a misdemeanor.

¶6 Allen was 16 years old when he appeared without counsel before Helena City Court Judge Myron Pitch on February 18, 1997, and pled guilty to charges of DUI, minor in possession, and careless driving. While Allen did not sign any documents waiving his constitutional rights, Judge Pitch's handwritten comments indicate that Allen waived counsel. Judge Pitch also filled out a form showing that he advised Allen of his rights; that he advised Allen that a plea of guilty means no right to appeal by trial de novo; and that he advised Allen that on a plea of guilty, Allen waived his right to trial, his right to an attorney, and his right to appeal. Judge Pitch did not check the line on the form for a defendant's request for court-appointed counsel. Allen's father was present in the courtroom, but was not addressed or advised by the court during the few minutes of proceedings convicting Allen of DUI.

¶7 Allen's current DUI charge stems from his conduct on June 24, 2007. On that afternoon, a concerned citizen contacted law enforcement to report her observations of a driver on Highway 12 in Lewis and Clark County who appeared to be under the influence of alcohol, driving all over the road and nearly sideswiping a couple of vehicles. Montana Highway Patrol Trooper Lee located the reported vehicle and watched it turn onto the highway without using a turn signal. Trooper Lee turned on his lights and sirens and observed Allen weave and drift in and out of his traffic lane for some time before Allen pulled off the road. Allen's speech was very slurred, and Trooper Lee had

difficulty understanding him. Ultimately, the State filed an information charging Allen with count I, DUI, a felony, in violation of § 61-8-401, MCA; count II, operating a motor vehicle without a valid driver's license, a misdemeanor, in violation of § 61-5-102, MCA; count III, operating a motor vehicle without liability insurance, a misdemeanor, in violation of § 61-6-301, MCA; and count IV, failure to have seatbelt in use, a misdemeanor, in violation of § 61-13-103, MCA.

¶8 On December 28, 2007, the District Court denied Allen's motion to dismiss the felony DUI charge. Allen pled guilty to DUI and driving without liability insurance on February 11, 2008, pursuant to a plea agreement, but reserved his right to appeal the District Court's denial of his motion to dismiss. The State dismissed charges of driving without a valid driver's license and driving without a seatbelt. Allen appeals the District Court's denial of his motion to dismiss.

## STANDARD OF REVIEW

¶9 The grant or denial of a motion to dismiss in a criminal proceeding is a question of law, which we review de novo to determine whether the district court's conclusion of law is correct. *State v. Walker*, 2008 MT 244, ¶ 9, 344 Mont. 477, 188 P.3d 1069. Whether a prior conviction can be used to enhance a criminal sentence is a question of law, which this Court reviews for correctness. *State v. Spotted Eagle*, 2003 MT 172, ¶ 11, 316 Mont. 370, 71 P.3d 1239.

## DISCUSSION

¶10 Allen seeks to reduce his current DUI charge from a felony to a misdemeanor by arguing that his 1997 DUI conviction was constitutionally infirm, because the City Court

4

failed to adequately advise him of his rights and accepted his guilty plea without consent of a parent. Allen claims via affidavit that he cannot recall being advised of his right to counsel or the future consequences of his guilty plea. He claims that he was not questioned by the court as to why he was guilty or whether he understood what a guilty plea meant. Allen also claims that the court did not advise him of the danger of self-representation or waiving his right to counsel, nor that he could plead to a lesser included offense. Allen further argues that as a minor he was not capable of knowingly, voluntarily and intelligently waiving his right to counsel.

¶11 *Whether Allen actually waived his right to counsel.*

¶12 The Sixth Amendment of the United States Constitution, and Article II, Section 24, of the Montana Constitution guarantee the fundamental right to the assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792 (1963); *Walker*, ¶ 16. This fundamental right to counsel extends only to cases in which a sentence of imprisonment is actually imposed and does not extend to defendants who waive the right. *Scott v. Illinois*, 440 U.S. 367, 373-74, 99 S. Ct. 1158 1162 (1979); *Walker*, ¶ 17. Section 46-8-102, MCA, provides that "[a] defendant may waive the right to counsel when the court ascertains that the waiver is made knowingly, voluntarily, and intelligently." *See also State v. Blakney*, 197 Mont. 131, 138, 641 P.2d 1045, 1049-50 (1982) (waiver requires a knowing and intelligent relinquishment of a known legal right).

¶13 It is well established in Montana that the State may not rely on a constitutionally infirm conviction to support an enhanced punishment. *Lewis v. State*, 153 Mont. 460, 463, 457 P.2d 765, 766 (1969). In terms of the issues raised by Allen, the dispositive

5

legal framework is provided by *State v. Okland*, 283 Mont. 10, 941 P.2d 431 (1997). In *Okland*, this Court held that: (1) a rebuttable presumption of regularity does attach to prior convictions; (2) that presumption may be overcome by direct evidence of irregularity; and (3) once direct evidence of irregularity is offered by the defendant, the burden shifts to the State to prove by direct evidence that the prior conviction was not obtained in violation of the defendant's rights. *Okland*, 283 Mont. at 18, 941 P.2d at 436.

¶14    Pursuant to the framework provided by *Okland*, we must first determine whether Allen presented direct evidence to support his claim that his 1997 DUI conviction was constitutionally infirm. This Court has found that a defendant's inability to recall whether he waived his right to counsel did not constitute direct evidence sufficient to rebut the presumption of regularity of a prior conviction. *State v. Keenan*, 2003 MT 190, ¶ 10, 316 Mont. 493, 74 P.3d 1037; *State v. Big Hair*, 1998 MT 61, ¶ 18, 288 Mont. 135, 955 P.2d 1352. Thus, Allen's statement that he cannot recall being advised of his right to counsel prior to pleading guilty to DUI in 1997 does not constitute direct evidence to rebut the presumption of regularity of his conviction. This Court has also held that a district court is not required to advise a defendant of the indirect consequences of a guilty plea when the defendant has control over whether those consequences occur. *Walker*, ¶¶ 35-38 ("Whether Walker committed a fourth or subsequent DUI requiring that she receive the enhanced penalty was clearly within her sole control and was, thus, an indirect consequence of her guilty pleas to the [prior] DUI offenses."). Since Allen had sole control over whether he committed a fourth or subsequent DUI requiring a felony charge, the City Court was not required to advise Allen of potential indirect consequences

6

of his 1997 guilty plea. This Court has determined that a court is not required to advise a defendant specifically of the dangers and disadvantages of self-representation, as long as the court inquires sufficiently to ensure that the defendant's waiver of counsel is voluntary, knowing and intelligent. *State v. Wolfe*, 2003 MT 222, ¶ 11, 317 Mont. 173, 75 P.3d 1271. Therefore, the City Court was not required to advise Allen of the dangers and disadvantages of self-representation. Because the Helena City Court is not a court of record, it is impossible to examine the extent to which Judge Pitch inquired into whether Allen's waiver of counsel was voluntary, knowing and intelligent. However, Allen's assertions generally fail to present direct evidence of irregularity of his 1997 DUI conviction.

¶15 Even assuming arguendo that Allen's claim that he was not questioned as to whether he understood what a guilty plea meant constituted direct evidence of irregularity, the State presented direct evidence that the 1997 DUI conviction was not obtained in violation of Allen's rights. One of the court records includes printed language that "defendant appeared, was advised of his constitutional rights, was arraigned, and entered a plea of" followed by Judge Pitch's handwritten comments "guilty," "waived counsel," and "father present." Judge Pitch also checked items on a court form indicating that he advised Allen of his rights; that he advised Allen that a plea of guilty means no right to appeal by trial de novo; and that he advised Allen that on a plea of guilty, Allen waived his right to trial, his right to an attorney, and his right to appeal. Judge Pitch did not check the line on the form for a defendant's request for court-

7

appointed counsel. These court documents provide direct evidence that Allen's 1997 DUI conviction was not obtained in violation of his constitutional rights.

¶16 *Whether Allen was capable of knowingly, voluntarily and intelligently waiving his right to counsel as a minor*.

¶17 Allen argues that a minor cannot knowingly, voluntarily, and intelligently waive his right to counsel and consent to a guilty plea. Allen cites § 41-5-511, MCA (1995), to argue that his right to counsel in the 1997 DUI proceedings could not be waived without the consent of his parents. Section 41-5-511, MCA (1995), is a provision of the Youth Court Act regarding the right to counsel, which reads in relevant part:

> In all proceedings following the filing of a petition alleging a delinquent youth or youth in need of supervision, the youth and the parents or guardian of the youth shall be advised by the court or, in the absence of the court, by its representative that the youth may be represented by counsel at all stages of the proceedings. If counsel is not retained or if it appears that counsel will not be retained, counsel shall be appointed for the youth if the parents and the youth are unable to provide counsel unless the right to appointed counsel is waived by the youth and the parents or guardian.

This Court has held that when a youth was charged in justice court with being a minor in possession, the requirements of § 41-5-511, MCA (1995), applied. *Edward C. v. Collings*, 193 Mont. 426, 632 P.2d 325 (1981). The Court reasoned that the justice court and youth court had concurrent jurisdiction over the possession charge, making the youth court provision applicable to justice court. *Edward C.*, 193 Mont. at 430-31, 632 P.2d at 327-28. Thus, the youth's waiver of his right to counsel was ineffective because the waiver must be made by both the youth and his parent. *Edward C.*, 193 Mont. at 431, 632 P.2d at 328.

8

¶18　However, here the District Court correctly concluded that the youth court did not have concurrent jurisdiction with the City Court over the 1997 DUI charge.  Section 41-5-203, MCA (1995), which establishes the jurisdiction of the youth court, specifically excluded traffic offenses from the Youth Court Act:

> (1) Except as provided in subsection (2), the court has exclusive original jurisdiction of all proceedings under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth, a youth in need of supervision, or a youth in need of care or concerning any person under 21 years of age charged with having violated any law of the state or ordinance of any city or town *other than a traffic* or fish and game *law* prior to having become 18 years of age.
> (2) Justice, municipal, and city courts have concurrent jurisdiction with the youth court over all alcoholic beverage, tobacco products, and gambling violations alleged to have been committed by a youth.

(emphasis added).  This Court has specifically held that the youth court does not have jurisdiction over offenses involving traffic law violations by minors.  *State ex rel. Maier v. City Court of City of Billings*, 203 Mont. 443, 453, 662 P.2d 276, 281 (1983). Although Allen argues that "the main element of DUI is alcohol," the Montana Code clearly lists DUI under Title 61, Motor Vehicles, Chapter 8, Traffic Regulation.  *See* §§ 61-8-401, -722, MCA (1995).   Since the youth court does not have concurrent jurisdiction with the City Court over traffic violations, including DUI, Allen is incorrect in arguing that his right to counsel could only have been waived by him and his parents at his 1997 DUI proceedings.

¶19　Allen has failed to rebut the presumption of regularity that attached to his 1997 DUI conviction, and any evidence he did present to rebut the presumption was overcome by court documents demonstrating that his 1997 DUI conviction was not obtained in

9

violation of his rights. Allen's claim that as a minor he was not capable of knowingly, voluntarily and intelligently waiving his right to counsel is unavailing since the youth court protections he seeks do not apply to his 1997 DUI conviction in City Court. We conclude that the District Court correctly denied Allen's motion to dismiss the felony DUI charge.

¶20    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE