DA 08-0500

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 324N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JOHN MICHAEL CRITES,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. CDC 2006-329
Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Michael J. Sherwood, Michael J. Sherwood, P.C., Missoula, Montana

       For Appellee:

           Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

           Leo J. Gallagher, Lewis and Clark County Attorney; Carolyn Clemens, Melissa Broch, Deputy County Attorneys, Helena, Montana

                    Submitted on Briefs:  August 18, 2009

                               Decided:  October 1, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On August 31, 2007, the State filed an Amended Information against John Michael Crites (Crites) in the First Judicial District Court. The Amended Information contained a total of fifteen counts. Prior to trial some of the counts were dismissed. Ultimately, Crites was convicted by a jury on Count II, misdemeanor unlawful possession of game animals. Crites now appeals from the jury verdict and judgment convicting him of misdemeanor unlawful possession of game animals, imposing a six-month suspended sentence, and ordering him to pay $1,000 in restitution. We affirm.

¶3 The circumstances surrounding the charges against Crites are briefly described as follows. Crites owns and resides on four twenty-acre parcels in the Birdseye area of Lewis and Clark County. In 2005, Crites was involved in a lawsuit with a neighbor regarding access to her land, which could only be accessed via Turk Road. Judgment was rendered against Crites and a writ of execution was issued permitting two of his lots to be sold at a sheriff's sale. On March 29, 2006, Sergeant Rick Broadwater (Sgt. Broadwater) and two other deputies from the Lewis and Clark County Sheriff's Department, traveled to Crites' property via Turk Road in order to post a notice of sale.

¶4     Sgt. Broadwater attempted to contact Crites at his property. Sgt. Broadwater later testified that he did not recall observing any no trespassing signs at the entry of Crites' driveway, nor was there a gate blocking Crites' driveway. When Sgt. Broadwater drove up, five to seven deer ran towards him and stopped near where he had parked. The deer began feeding on what Sgt. Broadwater thought was hay residue. Sgt. Broadwater also noticed what he thought were five wolf hybrids in a fenced area on the backside of the house. Sgt. Broadwater also observed a number of deer bones, and two antlered deer skulls. Sgt. Broadwater went up to Crites' door and knocked, but Crites was not home at the time. On the porch Sgt. Broadwater noticed a freezer, which he opened. Inside, he observed what he thought to be deer meat. Sgt. Broadwater took pictures of the interior of the freezer and the observable property.

¶5     On March 30, 2006, Sgt. Broadwater contacted the Department of Fish, Wildlife, and Parks (DFWP) and informed DFWP Warden Sergeant Randy Arnold (Sgt. Arnold) what he had observed. Sgt. Broadwater suspected that Crites was in violation of various DFWP hunting and fishing regulations. Sgt. Arnold worked with DFWP Warden Dave Loewen (Warden Loewen) to apply for a search warrant. The search warrant application listed four possible offenses, including unlawful possession of game animals, and the locations and evidence to be searched for. On April 6, 2006, Justice of the Peace Wallace A. Jewell granted the search warrant. DFWP officers executed the search warrant on April 10, 2006, and seized a number of items of evidence. The DFWP officers later testified that they did not remember seeing any no trespassing signs on the lower portion

3

of Turk Road leading up to Crites' property, nor did they recall any gate or other type of barrier blocking the entrance to Crites' property.

¶6    After the Amended Information was filed, Crites filed a motion to suppress. Crites argued that the information in the search warrant application was obtained by an unlawful trespass by law enforcement, that it omitted material facts and presented false facts, and that it was invalid because it was overly broad. After a hearing, the District Court denied the motion. The District Court concluded it was not unreasonable for Sgt. Broadwater to enter Crites' property in order to personally inform him of the sale. Furthermore, while the District Court did conclude that Crites had posted a "no trespassing" sign on Turk Road before the driveway to his house, the location of the sign did not indicate that an individual should not enter Crites' driveway. In this connection, the District Court noted that Crites had lost a lawsuit over his ability to restrict the use of Turk Road.

¶7    In denying Crites' motion, the District Court considered testimony from DFWP Warden Sergeant Ottman (Sgt. Ottman) concerning his previous interactions with Crites at his property. Sgt. Ottman testified that Crites had never instructed them to seek permission before entering his property, and also did not recall seeing any no trespassing signs on the lower part of Turk Road leading up to Crites' property, or before the turnoff into Crites' driveway. The District Court determined that once Sgt. Broadwater was on Crites' property, he was not prohibited from photographing what he had observed. The District Court, did, however, hold that Sgt. Broadwater should not have opened the freezer and that any evidence obtained from the freezer should be suppressed.

4

¶8     The District Court also examined the search warrant application and concluded that it stated with sufficient particularity the offenses which Crites was alleged to have committed and the evidence sought. *See State v. Worall*, 1999 MT 55, 293 Mont. 439, 976 P.2d 968. The District Court acknowledged that the search warrant may have contained an incorrect statement to the effect that Sgt. Broadwater believed two of the antlered deer skulls he observed were from recently killed deer, but concluded that if that information was excised, sufficient probable cause for the warrant still existed.

¶9     Crites subsequently filed motions to dismiss all the charges against him. Count II, unlawful possession of game animals, the only charge of which Crites' was convicted, was not dismissed by the District Court. Count II alleged that between October 1, 2002, and August 10, 2006, Crites unlawfully possessed the following in violation of various provisions of the 2001, 2003, and 2005 versions of Title 87, chapter 1, part 1, and chapter 3, part 1, of the Montana Code Annotated: (1) antlers from a mule deer buck illegally killed in the Missouri River Breaks in October 2002; (2) antlers from a whitetail buck with a broken brow tine line illegally killed in November 2002; (3) antlers from a five-point mule deer buck illegally killed in 2003; and/or (4) antlers from a whitetail buck illegally killed in 2003. The District Court concluded that the State set forth allegations in support of these charges sufficient to establish probable cause that Crites committed these offenses, and denied the motion.

¶10    Crites later filed motions to dismiss the counts in the Amended Information, including Count II, on other grounds as well. For instance, Crites argued that the statutes upon which these charges were based improperly imposed absolute liability on him. The

5

District Court denied this motion, citing to § 87-1-102(1), MCA, which states in relevant part that a person who purposely, knowingly, or negligently violates any provision of Title 87, or any other state law pertaining to fish and game, could be found guilty of a misdemeanor or felony. Because a mental state was required, the District Court found the statutes did not impose absolute liability.

¶11 Additionally, Crites moved to dismiss these counts on substantive and procedural grounds. Crites asserted that § 46-11-205, MCA, did not authorize the State to file the Amended Information against him through an ex parte process, and that its failure to contact him prior to filing the Amended Information was procedural flawed. The District Court rejected this argument, citing to § 46-11-205, MCA, which states in relevant part as follows:

> **46-11-205. Amending information as to substance or form.** (1) The court may allow an information to be amended in matters of substance at any time, but not less than 5 days before trial, provided that a motion is filed in a timely manner, states the nature of the proposed amendment, and is accompanied by an affidavit stating facts that show the existence of probable cause to support the charge as amended. A copy of the proposed amended information must be included with the motion to amend the information.
>
> . . .
>
> (3) The court may permit an information to be amended as to form at any time before a verdict or finding is issued if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.

¶12 Crites also argued that the charges against him should be dismissed for failure to comply with the Montana Administrative Procedures Act, Title 2, chapter 4, MCA (MAPA). This argument was rejected as well.

6

¶13     Crites now appeals the denial of his motion to suppress and motion to dismiss, and argues his conviction should be reversed. Crites also argues the jury was improperly instructed and that he was improperly ordered to pay DFWP $1,000 in restitution. We address each of these challenges in turn.

¶14     Crites argues the District Court erred in denying his motion to dismiss Count II because: (1) the DFWP game regulations upon which the charges against him were premised did not meet the requirements under MAPA and did not have the effect of law; (2) Count II failed to allege a mental state as an element of the offense; (3) the Legislature's adoption of restitution values for unlawfully taken deer and trophy deer, as set forth in §§ 87-1-111 and -115, MCA, violate substantive and procedural due process; and (4) the factual allegations in Count II failed to allege sufficient facts to establish probable cause and were not supported by sufficient evidence.

¶15     A district court's denial of a motion to dismiss in a criminal proceeding is a question of law which we review de novo to determine whether the district court's conclusion of law is correct. *State v. Allen*, 2009 MT 124, ¶ 9, 350 Mont. 204, 206 P.3d 951. The District Court did not err in denying Crites' motion to dismiss. First, the District Court correctly noted that § 2-4-102(11)(b)(iv), MCA, of MAPA, specifically provides any exemption from the normal publication requirements for seasonal rules adopted annually or biennially which relate to hunting, fishing, or trapping. The regulations upon which Crites' conviction were premised fall into this exemption and are lawful under MAPA. Second, the District Court correctly concluded that § 87-1-102(1), MCA, requires a mental state for Crites' alleged offenses as set forth in the Amended

Information. Third, in 1987 the Legislature established restitution values for the illegal killing or possession of wildlife pursuant to § 87-1-111, MCA (1987). In 1999, the Legislature enacted restitution values for a conviction of the knowing or purposeful illegal killing, taking, or possession of trophy wildlife under § 87-1-115, MCA. Crites has failed to demonstrate how any of these statutes violate procedural or substantive due process. Fourth, the allegations set forth in the Amended Information and supporting affidavit set forth sufficient facts to indicate that Crites committed the offenses for which he was charged. *See State v. Mason*, 283 Mont. 149, 152, 941 P.2d 437, 439 (1997). Moreover, the District Court did not err in concluding that the State presented sufficient evidence for a rational trier of fact to find that Crites committed the charged offense. *See State v. Trujillo*, 2008 MT 101, 342 Mont. 319, 180 P.3d 1153. Thus, the District Court did not err in denying Crites' motions to dismiss Count II.

¶16 Next we turn to Crites' challenges to the denial of his motion to suppress. We review a district court's denial of a motion to suppress to determine whether the district court's findings of fact are clearly erroneous and whether the district court correctly applied those findings as a matter of law. *State v. Clawson*, 2009 MT 228, ¶ 9, 351 Mont. 354, 212 P.3d 1056. Crites claims the District Court erred in denying his motion to suppress because: (1) the officers' entry onto his property was unlawful; and (2) the search warrant contained false statements, was overbroad and was therefore deficient. We disagree. In order to determine whether a search is illegal under the Montana Constitution, the court must consider whether the person has an actual expectation of privacy which society is willing to recognize as objectively reasonable and the nature of

the State's intrusion. *State v. Dunn*, 2007 MT 296, ¶ 12, 340 Mont. 31, 172 P.3d 110. Here the District Court did not err in concluding that Crites failed to manifest an actual expectation of privacy which would prevent the officers from driving up to his house, and that the nature of the officers' visit to Crites' residence was not overly intrusive. The District Court did conclude that the officers should not have opened Crites' freezer, however, and did order any evidence obtained from the freezer to be suppressed. Additionally, the District Court reviewed the application and the search warrant itself and concluded it stated with sufficient particularity the offenses which Crites was alleged to have committed and the evidence sought. Crites has failed to demonstrate that the District Court erred in either regard.

¶17 In addition to the challenges to the denial of his motions to dismiss and suppress, Crites also argues the District Court improperly instructed the jury, imposed an unauthorized sentence when it ordered him to pay $1,000 in restitution, and that cumulative trial error and prosecutorial misconduct warrant reversal of his conviction. Under M. R. App. 12(1)(f), this Court will decline to consider arguments on appeal which are not adequately briefed and argued. *See State v. Cybulski*, 2009 MT 70, ¶¶ 13-15, 349 Mont. 429, 204 P.3d 7. Crites has failed to support these additional challenges with appropriate citations to the record and argument as required under M. R. App. 12(1)(f). Thus, we reject Crites challenges on these grounds as well.

¶18 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2003, which provides for

memorandum opinions.  It is manifest on the record before us that the District Court did

not err in denying Crites' motions to suppress and dismiss.  Affirmed.


/S/ PATRICIA O. COTTER


We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS