

DA 11-0582

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 199

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

CHRIS R. OTTO,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-10-035
Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeremy S. Yellin, Attorney at Law, Havre, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

          Gina Dahl, Hill County Attorney, Havre, Montana

Submitted on Briefs:  June 19, 2012

Decided:  September 5, 2012

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Chris Otto (Otto) appeals from the order entered by the Twelfth Judicial District Court of Hill County, Montana, denying his motion to dismiss his felony charge of driving under the influence of alcohol (DUI). We affirm.

## ISSUES

¶2 The issue on appeal is:

¶3 Did the District Court correctly determine that Otto's three prior DUI-related convictions supported the enhancement of his most recent DUI to a felony?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On October 28, 2003, Otto pled guilty in Havre City Court to DUI, a misdemeanor in violation of § 61-8-401, MCA (2003). In February 2005 in the same court, Otto was charged with a second offense violation of § 61-8-401, MCA (2003), which was amended to a charge of misdemeanor DUI per se in exchange for his plea of guilty. On October 10, 2007, Otto pled nolo contendere in Chouteau County Justice Court to misdemeanor DUI, in violation of § 61-8-401(1)(a), MCA (2005). Prior to each conviction Otto was provided with an advisement of rights form, though the content of the form differed slightly in each instance.

¶5 In the early morning hours of April 15, 2010, Otto was found by a Montana Highway Patrol Officer in a vehicle which appeared abandoned off the shoulder of U.S. Highway 2. The vehicle was damaged and Otto was in the driver's seat. He appeared intoxicated and refused sobriety tests. On April 19, 2010, Otto was charged by Information with a DUI offense. As his fourth DUI offense, the charge was enhanced to

2

the status of a felony DUI charge. Through counsel, Otto moved to dismiss the felony charge on February 14, 2011, and filed a brief in support, arguing that his three prior convictions were constitutionally infirm and did not support the felony DUI charge. After full briefing, the District Court held a hearing on Otto's motion to dismiss on March 28, 2011, and denied the motion by written order on April 14, 2011. On August 9, 2011, appearing with counsel, Otto pled guilty to one count of DUI. As this was his fourth or subsequent offense in violation of § 61-8-401, MCA, the court, among other things, sentenced him on September 28, 2011, to thirteen months in a correctional facility or program.

¶6      Otto appeals the denial of his motion to dismiss the felony charge.

## STANDARD OF REVIEW

¶7      "The grant or denial of a motion to dismiss in a criminal proceeding is a question of law, which we review de novo to determine whether the district court's conclusion of law is correct." *State v. Allen*, 2009 MT 124, ¶ 9, 350 Mont. 204, 206 P.3d 951. We review a district court's factual findings concerning the circumstances surrounding a defendant's prior convictions for clear error. *State v. Walker*, 2008 MT 244, ¶ 9, 344 Mont. 477, 188 P.3d 1069. "A trial court's findings are clearly erroneous if they are not supported by substantial evidence, if the court has misapprehended the effect of that evidence, or if a review of the record leaves this Court with a definite and firm conviction that a mistake has been made." *Walker*, ¶ 9. "Whether a prior conviction can be used to enhance a criminal sentence is a question of law, which this Court reviews for correctness." *Allen*, ¶ 9.

**DISCUSSION**

¶8 *Did the District Court correctly determine that Otto's three prior DUI-related convictions supported the enhancement of his most recent DUI to a felony?*

¶9 Montana law provides that a criminal defendant must be informed of certain rights before a court will accept pleas of guilty or nolo contendere. Section 46-12-210, MCA (2009), provides:

(1) Before accepting a plea of guilty or nolo contendere, the court shall determine that the defendant understands the following:
    (a) (i) the nature of the charge for which the plea is offered;
    (ii) the mandatory minimum penalty provided by law, if any;
    (iii) the maximum penalty provided by law, including the effect of any penalty enhancement provision or special parole restriction; and
    (iv) when applicable, the requirement that the court may also order the defendant to make restitution of the costs and assessments provided by law;
    (b) if the defendant is not represented by an attorney, the fact that the defendant has the right to be represented by an attorney at every stage of the proceeding and that, if necessary, an attorney will be assigned pursuant to the Montana Public Defender Act, Title 47, chapter 1, to represent the defendant;
    (c) that the defendant has the right:
    (i) to plead not guilty or to persist in that plea if it has already been made;
    (ii) to be tried by a jury and at the trial has the right to the assistance of counsel;
    (iii) to confront and cross-examine witnesses against the defendant; and
    (iv) not to be compelled to reveal personally incriminating information;
    (d) that if the defendant pleads guilty or nolo contendere in fulfillment of a plea agreement, the court is not required to accept the terms of the agreement and that the defendant may not be entitled to withdraw the plea if the agreement is not accepted pursuant to 46-12-211;
    (e) that if the defendant's plea of guilty or nolo contendere is accepted by the courts, there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and

(f) that if the defendant is not a United States citizen, a guilty or nolo contendere plea might result in deportation from or exclusion from admission to the United States or denial of naturalization under federal law.

(2) The requirements of subsection (1) may be accomplished by the defendant filing a written acknowledgment of the information contained in subsection (1).

The District Court found it was undisputed that Otto was advised of all of the rights required by the foregoing statute, and Otto does not dispute this on appeal. Otto was provided with a written advisement of rights form incorporating these rights prior to each conviction.

¶10 Otto argued in the District Court and argues on appeal that our decision in *State v. Knox*, 2001 MT 232, ¶ 9, 307 Mont. 1, 36 P.3d 383 (citing *State v. Yother*, 253 Mont. 128, 130, 831 P.2d 1347, 1348 (1992)), expanded the rights of which he must be advised to include the right to appeal, the right to a speedy and public trial, and the right to object to evidence obtained in violation of law. Otto asserts that *Knox* "unmistakably articulated" that citizens must be advised of these rights before a guilty plea can be made knowingly, intelligently, and voluntarily. Otto was not advised of these expanded rights before he entered his guilty plea, and he therefore argues that his three prior DUI-related convictions are infirm, and cannot support the felony enhancement of his most recent DUI.

¶11 The language in *Knox* upon which Otto relies reads as follows:

In order for a guilty plea to be a valid waiver of numerous constitutional rights and protections, the defendant's guilty plea must be a voluntary, knowing, and intelligent choice among options. The defendant must be aware of the rights waived including such rights as the right to challenge the sufficiency of the information; to object to evidence obtained in violation of law; the right to a speedy and public trial by jury; the right to

5

effective assistance of counsel; the right to confront and cross-examine witnesses; the right to testify; the right to call and have witnesses testify; the right against self-incrimination; the right to prove guilt beyond a reasonable doubt; and the right of appeal.

*Knox*, ¶ 9 (citing *Yother*, 253 Mont. at 130, 831 P.2d at 1348) (internal citations omitted).

The District Court determined that the foregoing language in *Knox* was dicta, that it was "undisputed that [Otto] was advised of all of the rights required by § 46-12-210, MCA," and that § 46-12-210, MCA, is not constitutionally deficient in light of *Knox*. We agree with the District Court.

¶12 In *Yother*, the defendant pled not guilty to charges of sexual intercourse without consent, sexual assault, and incest. *Yother*, 253 Mont. at 129-30, 831 P.2d at 1347-48. The defendant was informed by the district court that if he were to make a plea agreement with the County Attorney, the court would not be a party to the agreement, would not be bound by it, and could still sentence him up to the maximum sentence allowed by law. *Yother*, 253 Mont. at 130, 831 P.2d at 1348. The defendant then proceeded to enter into an Acknowledgment of Rights and Plea Agreement (Agreement) with his attorney, the County Attorney, the victim, and the victim's mother, in which the defendant acknowledged:

> his right to challenge the sufficiency of the information, his right to object to any evidence obtained in violation of law, his right to a speedy and public trial by jury at which he had the right to effective assistance of counsel, the right to confront and cross-examine witnesses, the right to testify, the right to call and have witnesses testify, the right not to be compelled to incriminate himself, the right to have charges proved beyond a reasonable doubt, and the right to appeal a finding of guilty.

6

*Yother*, 253 Mont. at 130, 831 P.2d at 1348. The defendant agreed that by pleading guilty he would waive all of the foregoing rights. *Yother*, 253 Mont. at 130, 831 P.2d at 1348.

¶13 The defendant in *Yother* pled guilty to sexual intercourse without consent, resulting in the charges of sexual assault and incest being dropped and the court ordering him to undergo a psychosexual evaluation. *Yother*, 253 Mont. at 132, 831 P.2d at 1349. After the evaluation and before sentencing, the defendant moved to withdraw his guilty plea, which the court denied. *Yother*, 253 Mont. at 132-33, 831 P.2d at 1349-50. The district court then sentenced the defendant to twenty years in prison with five years suspended. *Yother*, 253 Mont. at 133, 831 P.2d at 1350. It rejected the Agreement's recommendation of five years of imprisonment, and explained its rationale for not following the Agreement. *Yother*, 253 Mont. at 131, 133-34, 831 P.2d at 1349-50.

¶14 *Yother* turned on whether the district court abused its discretion in denying the defendant's motion to withdraw his guilty plea. This Court found that the district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea, that he made a voluntary and intelligent plea and knowingly waived all of his constitutional rights, and that his constitutional rights to due process were not violated. *Yother*, 253 Mont. at 137, 831 P.2d at 1352-53.

¶15 The rights set forth in the Agreement in *Yother*, upon which Otto now relies, are referenced in the factual background portion of the *Yother* Opinion. Nowhere in *Yother* does this Court state that all of the rights set forth in the *Yother* Agreement must be given when a defendant is advised of his rights. Unfortunately, however, the rights as set forth

7

in the *Yother* Agreement were later imported into the Standard of Review section of *Knox.*

¶16 The *Knox* decision addressed whether or not the district court abused its discretion when it denied the defendant's motion to withdraw his guilty plea, which turned on this Court's consideration of the following three factors:

> 1. the adequacy of the court's interrogation at the time the plea was entered regarding the defendant's understanding of the consequences of the plea;
> 2. the promptness with which the defendant attempts to withdraw the plea;
> 3. the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge.

*Knox*, ¶¶ 11-12 (citing *State v. Bowley*, 282 Mont. 298, 304, 938 P.2d 592, 595 (1997)). This Court reviewed these three factors to determine if the defendant made a knowing, intelligent, and voluntary choice among alternatives to accept the consequences of his plea, and concluded that the factors supported a valid guilty plea. *Knox*, ¶ 25. This Court affirmed the district court, concluding that the district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea, as the factors supported a valid guilty plea. *Knox*, ¶¶ 25-26.

¶17 As indicated, the additional "rights" in question are referenced in *Knox* only in the Standard of Review; they are not part of the Court's holding. As such, the listing of these additional claimed rights in *Yother* and then *Knox* was dicta, and Otto's reliance upon it is misplaced. Dictum is not binding upon this Court as controlling precedent, and it is not persuasive authority for this Court in resolving the issue before us. *State v. Gopher*, 193

8

Mont. 189, 194, 631 P.2d 293, 296 (1981); *State v. Marble*, 2005 MT 208, ¶ 26, 328 Mont. 223, 119 P.3d 88.

¶18   We take this opportunity to correct any misimpression left by *Knox,* and to clarify that *Knox* does not stand for the proposition that § 46-12-210, MCA, is constitutionally insufficient or that the advisement of rights set forth in *Knox*, ¶ 9, is required.  Section 46-12-210, MCA, statutorily directs that the court shall determine that the defendant understands the rights listed in the statute, and this is the only advisement of rights a district court is required to give under these circumstances.

¶19   We therefore reject Otto's assertion that because he was not informed of his right to appeal, his right to a speedy and public trial, or his right to object to evidence obtained in violation of law prior to pleading guilty or nolo contendere with respect to his 2003, 2005, and 2007 convictions, those convictions are infirm.  It is undisputed that Otto was advised of all of the rights required by § 46-12-210, MCA, prior to his pleas of guilty or nolo contendere.  Section 46-12-210, MCA, is not constitutionally deficient in light of *Knox*, nor does *Knox* expand the statutory advisement of rights requirement.

## CONCLUSION

¶20   For the foregoing reasons, we conclude that the District Court correctly determined that Otto's three prior DUI-related convictions supported the enhancement of his most recent DUI to a felony, and we affirm the District Court's denial of Otto's motion to dismiss.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT


Justice Jim Rice, concurring.

¶21     I agree with the Court in affirming the District Court's denial of Otto's motion to dismiss.  This case is yet another good example of why, in my view, the Court took the wrong path in *State v. Maine*, 2011 MT 90, 360 Mont. 182, 255 P.3d 64, by permitting collateral challenges to final convictions, such as Otto makes here.  In order to address Otto's claims that he was not properly advised of his right to appeal, of his right to a speedy and public jury trial, and of his right to object to evidence, prior to entering his prior DUI guilty pleas, the Court must dissect our prior opinions and ultimately conclude that the statements upon which the Defendant relies were mere *dicta*.  Opinion, ¶ 17.  We dealt with similarly frivolous claims in *State v. Burns*, 2011 MT 167, 361 Mont. 191, 256 P.3d 944, where the defendant claimed that one of his prior DUI convictions was invalid because "he was not given proper notice of the trial date; there were filing errors; and he was involuntarily absent when the 1997 trial was held in absentia." *Burns*, ¶ 39.  I would simply affirm Otto's conviction on the ground that his challenges to his prior DUI convictions should be denied as a matter of law, in accordance with the authorities set forth in my dissenting opinion in *Maine*.  I continue to believe that cases such as this one

well illustrate the wisdom of the many courts nationwide that have rejected "in essence a collateral proceeding in the middle of a criminal case at which the defendant could challenge the validity of any prior judgment. . . ." *Maine*, ¶ 51 (Rice, J., dissenting) (citing *State v. Weber*, 90 P.3d 314, 320-21 (Idaho 2004)). Otto had previous opportunities to raise these challenges to his prior convictions, but he failed to do so. He should not be allowed to do so now.

¶22    I concur.

/S/ JIM RICE